[No. 9073-2-II.   Division Two.   November 4, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. PAUL BRADLEY WOOD, *Appellant.*

*William M. Crawford* and *Crawford, McGilliard, Peterson & Yelish,* for appellant (appointed counsel for appeal).

*C. Danny Clem, Prosecuting Attorney,* and *Patrice E. Vlaming, Deputy,* for respondent.

WORSWICK, C.J.—Paul B. Wood appeals his sentence upon a guilty plea to a charge of indecent liberties, challenging the sentencing judge's reliance upon disputed material facts. The standard range sentence is 15 to 20 months. The Kitsap County Superior Court opted for an exceptional sentence of 30 months, less credit for 174 days previously served. This appeal was argued pursuant to a motion for accelerated review, RAP 18.15. The Commissioner referred the case to a panel of judges for decision by published opinion because of its apparent value as precedent. We remand for an evidentiary hearing on the disputed facts.

Wood, himself age 19, agreed to plead guilty to indecent liberties, an element of which is that the victim is under 14 years of age. RCW 9A.44.100(1)(b). The sentencing judge stated four "aggravating factors" as reasons for imposing an exceptional sentence: (1) the defendant's age; (2) the victim's particular vulnerability or inability to resist because of her extreme youth (4 years of age); (3) defendant's prior conviction for second degree incest with a child "of a similar age"; (4) Western State Hospital's previous diagnosis of him as a sexual deviant who is not, however, amenable to treatment there, and the belief that he cannot be treated meaningfully for his condition in the Department of Corrections.

Of these factors, defendant admitted at the sentencing hearing only that the victim was 4 years old and that he was 19. He disputed the court's other reasons and argued, as he does now, that the four factors do not support an exceptional sentence because: (a) the victim's age (under 14) is already an element of the crime for which the Legislature has established a standard range, and so should not be used to enhance his sentence; (b) his own age is immaterial; (c) RCW 9.94A.370 forbids use of information not admitted or acknowledged by the plea agreement or at the time of sentencing, and he denied the two other factors.[1]

As for the victim's age, we have previously held that an exceptional sentence is generally not warranted to the extent it is based on factors already taken into account by the Legislature in adopting a standard range sentence for the crime. *See State v. Baker,* 40 Wn. App. 845, 700 P.2d 1198 (1985); *State v. Hartley,* 41 Wn. App. 669, 705 P.2d 821 (1985). We have already mentioned the obvious fact that this victim's age forms an element of the crime of indecent liberties taken with a child under age 14. Generally speaking, it would be unfair to use the victim's age to increase the punishment when his or her age is already factored into the sentencing guidelines. *State v. Johnson,* 327 N.W.2d 580 (Minn. 1982).

---

[1]RCW 9.94A.370 provides:

"The intersection of the column defined by the offender score and the row defined by the offense seriousness score determines the presumptive sentencing range (see RCW 9.94A.310, (Table 1)). The additional time for deadly weapon findings shall be added to the entire presumptive sentence range. The court may impose any sentence within the range that it deems appropriate. All presumptive sentence ranges are expressed in terms of total confinement.

"In determining any sentence, the trial court may use no more information than is admitted by the plea agreement, and admitted to or acknowledged at the time of sentencing. Acknowledgement includes not objecting to information stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The real facts shall be deemed proven at the evidentiary hearing by a preponderance of the evidence. Real facts that establish elements of a higher crime, a more serious crime, or additional crimes cannot be used to go outside the presumptive sentence range except upon stipulation."

■ As the judge recognized, however, the particular vulnerability of the victim because of extreme youth, advanced age, disability, or ill health is expressly listed as an aggravating circumstance that the court may consider in deciding whether to impose an exceptional sentence. RCW 9.94A-.390. Thus, the issue is whether the victim here was so young that she should be deemed to be particularly vulnerable and the sentence enhanced for that reason, despite the fact that her age is taken into account in the very elements of the crime.

Several cases from Minnesota, whose determinate sentencing scheme greatly influenced ours, suggest that the age of 4 constitutes absolute vulnerability as a matter of law. *Compare State v. Norton,* 328 N.W.2d 142 (Minn. 1982) (crime of kidnapping; victim age 5 held particularly vulnerable); *State v. Partlow,* 321 N.W.2d 886 (Minn. 1982) (crime required victim's age under 13, but actual victim age of 2 years 10 months was absolutely vulnerable); *State v. Stumm,* 312 N.W.2d 248 (Minn. 1981) (victim's age not an element of crime of manslaughter; victim's age of 2 constitutes absolute vulnerability); *State v. Van Gorden,* 326 N.W.2d 633 (Minn. 1982) (66–year–old woman held particularly vulnerable; crimes were burglary, kidnapping, and sex offenses where age not an element); *State v. Evans,* 311 N.W.2d 481 (Minn. 1981) (victims were "elderly" and particularly vulnerable; crime was aggravated robbery), *with State v. Johnson, supra* (crime required victim under age 13; victim age 12, without more, not particularly vulnerable); *State v. Hagen,* 317 N.W.2d 701 (Minn. 1982) (same result as *Johnson*; victim a "young relative"); *State v. Chase,* 343 N.W.2d 695 (Minn. Ct. App. 1984) (same result as *Johnson*; victims aged 12 and 6). *See also State v. Ming Sen Shiue,* 326 N.W.2d 648 (Minn. 1982) (murder victim age 6; court neither approves nor disapproves that factor). We too might well decide that the tender age of a victim is sufficient alone to support an exceptional sentence. However, we decline to do so now because the issue is not squarely presented. Here, the judge relied on other factors

as well in exercising his sentencing discretion, and for reasons that we will explain, we decline to circumscribe that discretion unnecessarily.

The State concedes that once the defense denied the existence of the other factors of prior conviction and the Western State report diagnosing him as a pedophile but not amenable to treatment, the court was required either to hold an evidentiary hearing or not to consider them. RCW 9.94A.370. The State argues, however, that the proper remedy for this omission is not to require resentencing within the standard range, but to remand so the court can hold the appropriate hearing and reconsider its sentence. We agree.

Nothing in RCW 9.94A.210, the section of the Sentencing Reform Act of 1981 pertaining to sentencing review, requires us to reverse a sentence in which proper procedures were omitted. Subsection (4) of that statute only states that in order to reverse, we must find either that the record does not support the court's reasons, or those reasons are insufficient, or the sentence is clearly excessive. We will deal with the clearly excessive issue shortly. As for the other statutory grounds for reversal, neither is present here. The State did supply a record that could have supported the court's reasons, if the facts were undisputed. However, a hearing should have been conducted to confirm that the State's materials constituted "real facts." And assuming that the record of "real facts" can be made to buttress the court's reasons, we hold that those reasons, taken together, could be "substantial and compelling" so as to support an exceptional sentence. RCW 9.94A.120(2). The purposes of the sentencing reform act include imposing sufficient punishment upon the offender and protecting the public. RCW 9.94A.010. For a person who commits a sex crime upon a 4–year–old child, who has committed a prior offense with another young victim, who has been diagnosed a pedophile, and who cannot be treated at Western State Hospital, the sentencing judge would be entitled to conclude that a sentence of longer than 20 months is necessary to satisfy those purposes.

It is not clear what effect the trial court gave to the remaining factor, the defendant's age, but inasmuch as the other factors in combination would support the exceptional sentence if a proper record is made, we need not express an opinion whether his age alone could support the sentence.

We do not condone the court's reliance upon disputed material facts in support of an exceptional sentence. The court should have conducted an evidentiary hearing pursuant to RCW 9.94A.370 to determine whether, by a preponderance of the evidence, they could be established as "real facts." Such a hearing could have been conducted on the spot, or as soon as practicable, once the defense raised its objection. Then the court could have proceeded with sentencing on the basis of the real facts.

Particularly because no reported case has spoken until now on the evidentiary hearing procedure, we accept the State's suggestion to remand this case for resentencing after an evidentiary hearing into the disputed facts. The sentencing court must draw a distinction, however, when considering the real facts of defendant's deviancy diagnosis and lack of receptiveness to treatment, and the other disputed factor relied upon, *i.e.*, his prior conviction. The statute precludes reliance upon an additional crime to impose an exceptional sentence, except by stipulation. That is because an additional conviction will have been taken into account already in the standard range. *See State v. Hartley, supra.* However, we hold that, if the court finds that the victim of the present crime was particularly vulnerable because of young age, and relies on that factor, it may also rely upon the prior crime to the extent that it, too, involved a predatory act against a particularly vulnerable victim. The reason for this is that the standard range does not take into account the extraordinary vulnerability of a prior victim, but only that the prior conviction is of record. *See* RCW 9.94A.360. We would uphold an exceptional sentence for one who demonstrates a pattern of predatory sex offenses upon particularly vulnerable victims, yet who cannot be treated for the deviancy.

■ Finally, defendant contends that the 30–month sentence he received was clearly excessive. We cannot decide this issue on the sparse record before us. It may well be that the Western State Hospital report and other documents specifically recommend confinement of 30 months in order to protect society or to permit treatment of defendant should he become more receptive during confinement, but those materials were not included in the record on review. The record must support a course of treatment or duration of confinement in excess of the standard range; the length of an exceptional sentence cannot come out of thin air. *State v. P.*, 37 Wn. App. 773, 686 P.2d 488 (1984).

We remand for an evidentiary hearing and resentencing upon a more complete record of real facts, consistent with this opinion. Either party may appeal from the new sentence only if convinced that it fails to conform to this opinion or is otherwise invalid.

PETRICH and ALEXANDER, JJ., concur.

Reconsideration denied December 16, 1985.

Review denied by Supreme Court February 20, 1986.