[No. 9175–5–II.  Division Two.  April 4, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANKLIN E. HARP, *Appellant*.

*Eric S. Nelson* and *Nelson & Nelson,* for appellant (appointed counsel for appeal).

*Michael G. Spencer, Prosecuting Attorney,* and *John J. Greaney, Jr., Deputy,* for respondent.

WORSWICK, C.J.—Franklin E. Harp appeals concurrent 6–year sentences imposed after his guilty pleas to second degree statutory rape (RCW 9A.44.080) and indecent liberties by forcible compulsion (RCW 9A.44.100). The standard range on each count is 21 to 27 months. He challenges the sentencing court's use, to enhance the sentence, of facts that constitute additional crimes and of other allegedly disputed material facts. He also argues that an exceptional sentence was not justified by the stated findings or the record before the court, and that the sentence was clearly excessive. This appeal was argued pursuant to a motion for accelerated review, RAP 18.15. The commissioner referred the case to a panel of judges for decision by published opinion because of its apparent precedential value. We reverse the sentence and remand for resentencing.

The 52–year–old Harp had been living with his third wife, her 11–year–old daughter and her 8– and 9–year–old nieces. The nieces, recently abandoned by their parents, were totally dependent on Harp for their basic needs. While Harp's wife was at work, he was responsible for their care. During these times, he forced the two older girls to participate in various sexual acts, intimidating and threatening them when they resisted.

After all this came to light, Harp pleaded guilty to one count of statutory rape of his 11–year–old stepdaughter, and one count of indecent liberties by forcible compulsion of the 9–year–old niece. The amended information alleged

that both offenses occurred "on or between September 1 and October 30, 1984, . . ."

The court elected to depart from the standard range. It made the following findings pursuant to RCW 9.94A.120(3): (1) that the victims were subjected to repeated incidents of sexual molestation which occurred over a considerable period of time; (2) that the defendant used his position of trust as the caretaker for the children to facilitate the molestations; (3) that the niece was particularly vulnerable due to threats defendant made against her and because of her living situation; and (4) that the defendant refused to participate in a treatment process, presents a likelihood of reoffending and is not safe to be at large. From these findings, the court concluded that there were substantial and compelling reasons justifying an exceptional sentence over and above the standard range, and it imposed the sentence previously described.

We must affirm unless we find that (a) the reasons provided by the sentencing judge are not supported by the record, or (b) those reasons do not justify an exceptional sentence, or (c) the sentence imposed is clearly excessive. RCW 9.94A.210(4); *State v. Wood,* 42 Wn. App. 78, 709 P.2d 1209 (1985). We conclude that all of the findings are supported by the record, and that three of them support an exceptional sentence but one does not. Inasmuch as we are unable to determine what the sentence would have been had the improper finding not been considered, we must remand to permit the sentencing judge to exercise his discretion upon only proper findings.

The first finding, regarding Harp's ongoing sexual molestation of the girls under his care, establishes the elements of additional incidents of statutory rape or indecent liberties. The sentencing reform act clearly prohibits reliance on real facts that establish elements of additional crimes to go outside the presumptive range, except upon stipulation. RCW 9.94A.370. There was no stipulation here. Defendants will be held accountable for those crimes of which they are convicted, but not for crimes the prosecutor

could not, or chose not to, prove. Therefore, this finding is an improper basis for imposing an exceptional sentence.

Findings 2 and 3 both deal with the special relationship between Harp and his victims. The court found that Harp utilized a position of trust to facilitate his crime, and that the niece was a particularly vulnerable victim. These findings are supported by the record before the court.

The particular vulnerability of the victim is included on the nonexclusive list of illustrative circumstances justifying departing from the guidelines. RCW 9.94A.390(2). Consistent with this, we hold that the circumstances described by these findings are sufficiently distinguishable from those present in the usual crime of second degree statutory rape or indecent liberties to justify an exceptional sentence.

Harp also challenges the court's last finding—the defendant's lack of amenability to treatment and likelihood of reoffending. This finding is clearly supported by the staff report provided by the Western State Hospital sexual offender's unit. We hold that it is a substantial and compelling reason justifying an exceptional sentence. RCW 9.94A.120(2).[1]

Finally, Harp contends that the 6–year sentence was clearly excessive. Because a new sentence must be imposed, this issue is not now before us. However, we do note that the present record is silent as to the reason for the length of the sentence. We trust the sentencing judge will remedy this deficiency when resentencing occurs. To assist in this,

---

[1]At the second of two sentencing hearings, defense counsel took issue with the statement contained in one of the reports before the court that defendant had not shown remorse. However, counsel did not make a formal objection, and did not argue the significance of this point or request an evidentiary hearing. Although an evidentiary hearing is required where defendant makes a specific and timely objection to a material fact, RCW 9.94A.370, the objection, if it can be denominated as such, was neither timely nor specific. It is not the judge's obligation to sort out the challenged information from that which is acknowledged. *See Pacific Northwest Pipeline Corp. v. Myers*, 50 Wn.2d 288, 311 P.2d 655 (1957). When an objection is nonspecific, it is not preserved for appellate review. *Jones v. Robert E. Bayley Constr. Co.*, 36 Wn. App. 357, 674 P.2d 679 (1984). Because of the lack of a proper objection, the statements in the reports to the court are deemed acknowledged. RCW 9.94A.370.

we offer the following comments.

Inasmuch as the Legislature has given no guidance whatever in determining what is a clearly excessive sentence, it has fallen to the appellate courts to do this on a case–by–case basis. To this writing, the only firm holdings are Division Three's rejection of the Minnesota "doubling rule" (*see State v. Stalker,* 42 Wn. App. 1, 707 P.2d 1371 (1985)) and this Division's holding that the length of the sentence must be justified by a reason, because it cannot come out of thin air. *Wood,* 42 Wn. App. at 84. *See also* RCW 9.94A.120(3).

■ Because we do not want to restrict the exercise of discretion by sentencing judges, we hesitate to give examples of reasons that would support sentences of given lengths. However, in explaining why a specific sentence was given, it would be helpful if the sentencing judge would refer, among other factors, to the purposes of the act as stated in RCW 9.94A.010. For example, it would help us here to know how the court specifically related the sentence to the seriousness of the offense (RCW 9.94A.010(1)), and how it considered the sentence to be commensurate with sentences meted out to other offenders for similar crimes (RCW 9.94A.010(3)).

However the sentencing judge goes about this difficult task, it is important not only that the reasons for an exceptional sentence be supported by the record, but that they be stated clearly and specifically so an appellate court can measure them with as much objectivity as the law requires and the circumstances permit.

Sentence reversed. Remanded for resentencing.

PETRICH and ALEXANDER, JJ., concur.