[No. 8913-1-II.   Division Two.   October 6, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. JERRY EUGENE PAYNE, *Appellant.*

*Gregory Smith* and *Spencer & Smith,* for appellant.

*William H. Griffies, Prosecuting Attorney,* and *Barbara L. Corey–Boulet, Deputy,* for respondent.

REED, A.C.J.—Jerry Eugene Payne appeals a 5–year sentence imposed after his guilty plea to second degree assault (RCW 9A.36.020(1)(d)). The standard range for the offense is 3 to 9 months. Payne contends that the sentencing court relied on unsupported and improper findings as a basis to enhance his sentence. We agree that the court's findings are defective and, therefore, reverse and remand to the sentencing court.

At approximately 2 in the morning Payne offered a ride to a stranger, a young woman on the street in south Tacoma. The woman contends that Payne drove her to a dark, wooded area where a brief struggle ensued. She testified that Payne ordered her to do as she was told or he would kill her and then instructed her to undress partially and to perform acts of fellatio on him. Afterward, Payne was apologetic and told his victim that he would let her go. After a stop at a donut shop for hot chocolate, donuts and cigarettes, Payne agreed to take the woman home without further incident. However, after she voluntarily reentered his truck, Payne detoured to another wooded area and again forced her to perform sexual acts. Payne finally delivered her to the requested address at approximately 4 a.m. Although Payne agrees with many of the above details, he insists that his "victim" consented to the sexual acts.

The next morning, the woman contacted the police and Payne was charged with rape in the first degree. He was allowed to plead guilty to second degree assault and the

State agreed to recommend a sentence within the standard range if Payne would undergo a psychological examination. The psychologist's report, submitted to the sentencing court, indicated that Payne presents a high risk to reoffend, that he needs psychiatric treatment, and that he is more likely to receive appropriate treatment in the community than in prison.

In departing from the standard range the court made the following findings pursuant to RCW 9.94A.120(3): (1) that Payne drove his victim to a secluded area and forced her by threats of violence to perform oral sex on him and that he then drove her to a second area where he forced her to perform oral sex on him again, at which time he ejaculated in her mouth; (2) that the victim was a small and slight woman, not physically capable of resisting the defendant; (3) that the defendant's conduct manifested deliberate cruelty to his victim; (4) that the defendant knew or should have known that his victim was particularly vulnerable or incapable of resistance due to her small size and slightness; and (5) that the defendant continued to deny responsibility, and a psychological evaluation classified him as a high risk to reoffend.

From these findings, the court concluded that defendant's conduct during the commission of the crime and his psychological predisposition to reoffend constituted aggravating factors within the meaning of RCW 9.94A.390. It then imposed the 5–year sentence.

Payne contends that there was insufficient evidence to support findings regarding the victim's size and vulnerability, and his deliberate cruelty. He also argues that the sentencing court improperly relied on his predicted dangerousness, on facts evidencing the commission of other crimes, and on the victim's size to impose the exceptional sentence.

This court must affirm unless it finds that: (a) the reasons provided by the sentencing judge are not supported by

the record; or (b) those reasons do not justify an exceptional sentence; or (c) the sentence is clearly excessive. RCW 9.94A.210(4); *State v. Wood,* 42 Wn. App. 78, 709 P.2d 1209 (1985).

1. The State argues that the challenged finding regarding the victim's small size and resulting vulnerability, although unsupported by the record, is justified because the victim herself was before the court.

A reviewing court may uphold the sentencing judge's reasons for an exceptional sentence only if those reasons are supported by the record. Here there is no evidence in the record as to any aspect of the victim's size or appearance. The first mention of size appeared in the court's findings. Although the court may judicially notice physical attributes and characteristics pursuant to ER 201(b), such notice must be of facts not subject to reasonable dispute. 5 K. Tegland, Wash. Prac. § 44 (2d ed. 1982). The finding regarding the victim's physical attributes was challenged by defense counsel below. This court has no means for evaluating or reviewing the sentencing court's finding. Absent any record, we are required to conclude that it was error to find the victim particularly vulnerable because of her size. As this finding is not supportable, we need not discuss whether the victim's size is a proper aggravating factor.

2. The court's finding of "deliberate cruelty" toward the victim is insufficiently specific to allow this court to identify those aspects of defendant's conduct to which the court is referring. *State v. Holland,* 98 Wn.2d 507, 517, 656 P.2d 1056 (1983). The act requires explicit reasons to support an exceptional sentence, RCW 9.94A.120(3), both to make the criminal justice system accountable to the public, RCW 9.94A.010, and to permit meaningful appellate review. Here, this court is charged with determining whether the cruelty was "of a kind not usually associated with the commission of the offense in question." *State v. Schantzen,* 308 N.W.2d 484, 487 (Minn. 1981). For this court to assume facts in the record which could support a finding of deliberate cruelty would require impermissible

speculation as to the trial court's reasoning.[1] As the conclusory finding of deliberate cruelty simply does not permit us to carry out our responsibility of evaluating the sentencing decision, we must hold that it is an improper basis for an exceptional sentence.

3. The sentencing court also based the 5–year sentence on its finding that Payne presents a high risk of reoffending. Payne, relying on Minnesota authority, argues that a finding of "likely to reoffend" does not justify an extended sentence. In interpreting its statute, a model for Washington's sentencing act, the Minnesota court stated:

the court's belief that defendant is so dangerous that an extended period of incarceration is warranted is not ground for the departure.

*State v. Magnan,* 328 N.W.2d 147, 150 (Minn. 1983).

■ The Washington statute, as distinguished from Minnesota law, lists protecting the public as one of its six purposes. RCW 9.94A.010(4). However, an implied purpose of all criminal statutes is to protect the public. We are not persuaded that the Legislature intended preventive detention to further that purpose. The act's overriding purpose is to ensure punishment proportionate to the seriousness of the offense and the offender's criminal history and commensurate with punishment imposed on others committing

---

[1]If the sentencing judge was referring to the sexual aspects of the incident, the finding would violate former RCW 9.94A.370, the so-called "real facts" doctrine:

Real facts that establish elements of a higher crime, a more serious crime, or additional crimes cannot be used to go outside the presumptive sentence range except upon stipulation.

Here, the sexual acts establish the elements of the additional crime of second degree statutory rape, RCW 9A.44.080, and, thus, may not be considered. Punishment of the rape, a crime initially charged and later dismissed pursuant to a plea bargain, would result in an illusory bargain and diminish the accountability of the prosecutor for his actions. *State v. Harp,* 43 Wn. App. 340, 342, 717 P.2d 282 (1986); D. Boerner, *Sentencing in Washington* § 9.16, at 9–49 (1985). This, of course, is a clear demonstration of how the Legislature has vested the broadest of discretion in the prosecuting attorney and tied the hands of the sentencing judge. In essence the "real facts" are kept from the judge.

Nor can the fact that there were multiple incidents of assault support the sentence because there is no indication that the trial judge relied on such facts.

similar offenses. RCW 9.94A.010(1), (3). Reliance on a psychologist's prediction of future dangerousness, without any history of similar acts or other corroborating evidence, not only allows wide latitude for abuse, it also undermines those general objectives of proportionality and uniformity.

Finally, the Legislature directed application of the sentencing guidelines without discrimination as to any element not relating to the crime or the defendant's criminal history. RCW 9.94A.340. Thus, an offender's personality or predicted dangerousness, standing alone, is not a proper statutory basis for a durational departure.

We conclude that the court's findings as to the victim's vulnerability based on her diminutive size and the defendant's deliberate cruelty are not supportable, and that the defendant's propensity to reoffend standing alone is not a proper reason for an exceptional sentence. As we read the statute, we have no choice but to reverse and remand to permit the sentencing judge to redetermine the appropriate sentence based only upon proper considerations.

PETRICH and ALEXANDER, JJ., concur.