[No. 10376-1-II. Division Two. March 12, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. LEW KEVIN OLIVE, *Appellant.*

148

*Edward L. Dunkerly* and *Ihringer & Dunkerly*, for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney*, and *Michael C. Kinnie, Deputy*, for respondent.

REED, C.J.—Lew Kevin Olive appeals an exceptional sentence imposed by the Clark County Superior Court following his guilty pleas to charges of simple assault (two counts) and unlawful imprisonment. He received a deferred sentence and probation on the assault counts. On the unlawful imprisonment, for which the standard range was 3 to 8 months, the court imposed a sentence of 14 months. This appeal was argued pursuant to a motion for accelerated review, RAP 18.15. The commissioner referred the case to a panel of judges for decision because of its seeming

value as precedent.

The charges arose out of an incident at a school yard. Defendant "grabbed" two girls, ages 8 and 9, asked if they wanted candy, chased them when they ran, picked up one of them and held her, then tickled the other under the arms. Defendant's version was that he merely met some "new friends" at the school, began chasing one of them around the slide, picked her up playfully, and patted one girl on the stomach with the comment, "Looks like you eat a lot of candy." He told the presentence report writer that although he experienced a partial erection, he had no sexual intent, because "that wasn't part of the anatomy I planned to have interaction with at all."

The trial court entered the following findings of fact to support the exceptional sentence.

1. Vulnerability of victim.
2. Mental state of the defendant creates threat to others which he demonstrated by prior sexual offenses.
3. Need for confined treatment to ensure safety of others.
4. History in presentence shows threat to others in keeping with crime.

The first of these, victim vulnerability, stands alone as a distinct reason. The other three reasons seem to be variations of the same thing—that defendant's past record of sexual offenses, together with the facts of the present crime, indicates a continuing danger to society requiring confinement and treatment.

Defendant challenges the exceptional sentence on these grounds: (1) Predicted future dangerousness is an improper basis for such a sentence, citing *State v. Payne,* 45 Wn. App. 528, 726 P.2d 997 (1986); (2) prior misdemeanors may not be used to enhance a sentence; (3) the record reflects no proposed treatment plan for defendant, although that was a reason for the sentence; (4) the record shows no indication of particular vulnerability of the victim; (5) the court erred by relying on disputed facts without holding an evidentiary hearing; (6) the sentence was clearly excessive. We will

address these in mixed order.

 As for predicted future dangerousness, the full holding of *State v. Payne* is that the court should not rely solely on an offender's personality or predicted dangerousness *"without any history of similar acts or other corroborating evidence . . ."* 45 Wn. App. at 533. (Italics ours.) Here, however, the record contains a lengthy history of similar acts and corroborating evidence. The presentence report reflects a series of arrests beginning in 1982 for indecent exposure and one for disorderly conduct—window peeping. Defendant has at least two convictions for indecent exposure, one of them a felony. His own remarks to the presentence report writer indicate well entrenched sexual deviancy.[1] Similar admissions made earlier to Corrections Counselors Pressey and Spindler, whose letters were made a part of the sentencing file, reinforce this diagnosis.[2] If the court properly considered these materials, their content certainly supports the court's reasons 2 through 4, and those reasons support the sentence. Given a history of similar acts or other corroborating evidence, the court may enhance the sentence on the basis of a considered assessment of future dangerousness. *State v. Harp,* 43 Wn. App. 340, 343, 717 P.2d 282 (1986); *State v. Wood,* 42 Wn. App. 78, 82–83, 709 P.2d 1209 (1985).

Did the court properly rely on disputed facts? This issue potentially implicates three legal principles. First, when the defendant disputes material facts, the sentencing judge must either not consider them or must hold an evidentiary

---

[1]For example, defendant told Corrections Counselor Steven Sanders, who wrote the presentence report, that his 1985 arrest and conviction in Redwood City, California, occurred when he "found a pleasing lady, exposed [himself], masturbated while talking with her, watched her put a ring on, ejaculated, and stuttered good eyes [*sic*] as [he] left."

[2]Defendant told Corrections Counselor Pressey, for example, that while at a restaurant in Vancouver, he saw a young girl who was accompanied by her mother and "he thought the girl wanted to see his sexual organs (he claims to have the capacity to read people's minds) and subsequently began to expose himself, but she and her mother left so he figured she really didn't want to look at him."

hearing to determine the "real facts." RCW 9.94A.370; *State v. Wood, supra.* Second, absent a stipulation, the court cannot ground an exceptional sentence on facts that establish elements of another crime that was not proven. *State v. Swanson,* 45 Wn. App. 712, 726 P.2d 1039 (1986). Third, the court may not rely on a prior crime if it is already part of the criminal history used to determine the standard range. *State v. Armstrong,* 106 Wn.2d 547, 551, 723 P.2d 1111 (1986).

Defendant disputed certain facts here. He denied having a sexual motive in picking up the child victim, arguing that the crime was not sexual in nature. He also disputed the court's right to rely on evidence of prior acts of indecent exposure, rather than stipulating to reliance on those additional crimes.

The court's belief that defendant had a sexual motive was a "material fact," because reasons 2 through 4 all presuppose that defendant's continuing sexual deviancy, which the present, "hands–on" offense suggests may be escalating, warrants a more lengthy term of confinement. Strictly speaking, the court should have observed the formalities of an evidentiary hearing into the point, and we do not condone a relaxation of the statutory requirement. However, we find any error harmless here. The court received the State's position in the form of written reports and the deputy prosecutor's argument. The court then heard argument from defense counsel and gave the defendant a generous opportunity to state his own version of the facts and his prior record. Defendant spoke at length. He did not deny the prior record, but merely disputed the court's right to rely on it and disclaimed a sexual motive in the present crime. It is difficult to see how placing the principals under oath would have yielded additional or more accurate information. Given the nature of the objections, a more formal hearing would have been just that—a formality. In this case, the court was entitled to impute a sexual motive to defendant without converting the proceedings into an evidentiary hearing.

■ As for the court's reliance on prior arrests and convictions for misdemeanor sex crimes, not only did defendant acknowledge that record, but a court may use an offender's history of misdemeanors, as long as they are not factored into the standard range, to enhance a sentence. *State v. Ratliff*, 46 Wn. App. 325, 730 P.2d 716 (1986). In summary, we hold that the court did not rely improperly on disputed facts.

■ Defendant argues that the record contains no proposal for a treatment plan, yet his exceptional sentence is based partly on that perceived need. Again, we find no error. The record shows that defendant's refusal to admit a psychological problem precluded effective treatment. However, the presentence writer reiterated the opinion of a Massachusetts probation officer familiar with defendant:

> Mr. Olive, based on past performance, is an inveterate exhibitionist. The only success we had with curbing that proclivity was incarceration. In my opinion, the more jail time he serves the longer he will behave himself when released.

In a sense, therefore, incarceration is a form of treatment for Olive, and it at least inhibits him from harassing others. The court's third reason is not clearly erroneous. *See State v. Nordby*, 106 Wn.2d 514, 723 P.2d 1117 (1986).

The next issue is whether the sentencing court was entitled to make its first finding that the victim was particularly vulnerable. Particular victim vulnerability is among the aggravating factors that the judge is explicitly allowed to consider. RCW 9.94A.390. Extreme youth is one of the statutory indicia of vulnerability. However, the victim's age may not be considered as establishing particular vulnerability when it is an element of the crime and already factored into the sentencing guidelines. *State v. Wood, supra* (indecent liberties entails victim under age 14).

Unlawful imprisonment is not a crime whose elements require proof of the victim's young age. The girl whom defendant picked up and held had just turned 8 years old. The defendant, in contrast, was 27 years old and is listed as

5 feet 11 inches and 155 pounds. He "picked up and carried" the child, who became "absolutely panicked" according to her mother, and still fears being kidnapped. Given the evident disparity in size and strength between defendant and the victim, the trial court justifiably relied on the particular vulnerability of the victim.

In conclusion, we hold that the trial court's reasons meet the "substantial and compelling" test of RCW 9.94A.120(2).

Finally, defendant argues that the sentence of 14 months is clearly excessive when compared to the facts of the case and the high end of the standard range, 8 months. We disagree. We find no abuse of discretion, as required by *State v. Oxborrow*, 106 Wn.2d 525, 530–31, 723 P.2d 1123 (1986).

The sentence is affirmed.

PETRICH and WORSWICK, JJ., concur.

Review denied by Supreme Court December 2, 1987.