[No. 9246-8-II. Division Three. August 6, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. LEONARD DEAN WOODY, *Appellant*.

*Michael R. Johnson,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Barbara L. Corey–Boulet, Deputy,* for respondent.

McINTURFF, C.J.*—Leonard Dean Woody appeals the Superior Court's imposition of a 120–month sentence following his guilty plea to indecent liberties. The standard range for Mr. Woody's offender score was 15 to 20 months. We affirm.

The court relied on the presentence report of the Department of Corrections, a letter from a social worker who had provided therapy to Mr. Woody, and a letter to the court from officials with the sex offender program at Western State Hospital.

According to the presentence report, Mr. Woody is a 24–year–old male who is mildly to moderately retarded due to brain damage suffered by him from beatings during infancy. His parents continued to abuse him throughout his childhood, and he was ultimately placed in foster care. He attended special education classes, but dropped out of

*This case was heard by a panel of Division Three judges sitting in Division Two.

school in the 11th grade.

As a juvenile, Mr. Woody was arrested for indecent liberties, and his adult record includes a conviction for communicating with a minor for immoral purposes in 1979. Following the latter conviction, he was committed to the sexual psychopathy program at Western State Hospital for 11 months spanning parts of 1979 and 1980, but he did not successfully complete that program.

From August 1982 until the time of this arrest, he was in therapy with Comte & Associates. A letter from Michael Comte, attached to the presentence report, states that therapy was "unsuccessful in significantly lowering his deviant arousal" and that Mr. Woody is "very aware of the impact of sexual offending on victims." Mr. Comte concludes: "[I]t is apparent he requires a lengthy term of confinement in order to protect the rest of us." The presentence report also notes that while in jail awaiting sentencing, Mr. Woody has told of being "plagued with thoughts of killing his victim, prior to his arrest, so that he would not be apprehended."

The presentence investigation sets forth both the victim's and Mr. Woody's versions of the current incident. The victim, a 7–year–old boy, stated he was on his way to school when Mr. Woody confronted him, forced him down on the grass and told him he was armed with a knife and that if he made any noise, he would kill him. Mr. Woody took the boy to his apartment where he made the child disrobe and lie on the bed while Mr. Woody "went to the bathroom" on his genitals. Mr. Woody then allowed the boy to leave. Mr. Woody states that he told the victim only that he would hurt him unless he did what he said, and that he took the boy to his apartment, where he masturbated over him.

The letter to the Superior Court from officials with the sex offender program at Western State Hospital observes that "Mr. Woody is a highly compulsive and predatory sex offender who represents a significant chance of reoffense if not restricted from contact with children by confinement in a state institution." The letter concludes Mr. Woody is not

amenable to treatment in the sex offender program due to his extensive history of deviant behavior and his prior treatment failures. The presentence report recommends Mr. Woody receive the maximum sentence under the sentencing reform act guidelines.

In its findings of fact and conclusions of law, the Superior Court gave its reasons for the exceptional sentence:

(1) That the crime was a violent act with threats of death to a seven year old boy.

(2) That this is the second occurrence of a similar nature.

(3) That the defendant received sexual gratification over the naked body of the seven year old victim.

(4) That the defendant is still on parole for the prior sexual offense.

(5) That the defendant was committed to the Western State Hospital Sexual Psychopath Program in January of 1979. In 1980, his parole was revoked after 11 months of treatment for his refusal to cooperate with the Western State Hospital program, and in physically attacking another group member. Thereafter, the defendant was in treatment with Michael Comte, and in fact, was in treatment when this offense occurred.

(6) That the letter written by Michael Comte dated January 14, 1985, stated that after all the treatment at Western State Hospital and through Comte, the defendant has been unsuccessful in lowering his sexual arousal for little girls.

(7) That the act was done deliberately and with full knowledge of how harmful it was to the victim and the legal consequences.

(8) That the experts agree that there is a serious likelihood that the defendant will reoffend.

(9) That the defendant has showed a lack of motivation to complete treatment programs.

## A
### GENERAL LAW

When an exceptional sentence is appealed, the reviewing court can reverse only if it finds under RCW 9.94A.210(4):

(a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before

the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly-excessive or clearly too lenient.

■ Subsection (4)(a) actually consists of two parts. First, the appellate court must decide if the sentencing judge's reasons for imposing an exceptional sentence are supported by the record. *State v. Nordby,* 106 Wn.2d 514, 517, 723 P.2d 1117 (1986). As this is a factual determination, the appellate court will uphold the sentencing judge's reasons if they are not clearly erroneous. *Nordby.* The second part of RCW 9.94A.210(4)(a) requires the appellate court to determine independently, as a matter of law, if the sentencing judge's reasons justify the imposition of a sentence outside the presumptive range. The reasons must be "substantial and compelling", RCW 9.94A.120(2), and the judge must consider factors other than those which are specifically considered in computing the presumptive range for the offense. *Nordby. See also State v. Pascal,* 108 Wn.2d 125, 135–36, 736 P.2d 1065 (1987).

■ Once the sentencing court finds substantial and compelling reasons to go outside the standard range, the court is permitted to use its discretion to determine the precise length of the exceptional sentence; its decision regarding length of an exceptional sentence should not be reversed as "clearly excessive" absent an abuse of discretion. *State v. Oxborrow,* 106 Wn.2d 525, 530, 723 P.2d 1123 (1986).

Here, the reasons for imposing an exceptional sentence are supported by the presentence report, to which Mr. Woody did not object.[1] Thus, two issues are left for review. First, do the court's reasons justify a sentence beyond the

---

[1]Former RCW 9.94A.370, in effect at the time of Mr. Woody's sentencing, provided, in pertinent part:

"In determining any sentence, the trial court may use no more information than is admitted by the plea agreement, and admitted to or acknowledged at the time of sentencing. *Acknowledgement includes not objecting to information stated in the presentence reports".* (Italics ours.) *See also State v. Oxborrow, supra* at 538.

standard range? Second, if the reasons justify an exceptional sentence, was the term imposed clearly excessive?

## B
### Do the Court's Reasons Justify an Exceptional Sentence?
#### 1. Age of Victim

RCW 9A.44.100 provides:

(1) A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:

. . .

(b) When the other person is less than fourteen years of age; . . .

RCW 9.94A.390 lists the particular vulnerability of a victim because of extreme youth as an aggravating circumstance that the court may consider in imposing an exceptional sentence. In *State v. Fisher,* 108 Wn.2d 419, 739 P.2d 683 (1987), the court held at page 424: "It is proper for the sentencing court to cite the particular vulnerability of a specific victim due to extreme youth as grounds for an exceptional sentence for the crime of indecent liberties under RCW 9A.44.100(1)(b)." There, the victim was only 5½ years old which the court found made him particularly vulnerable.

Here, the victim was 7 years of age. In our society, grade school age children are regarded as having achieved a level of reason that sets them apart from younger children. Consequently, we hold the victim was not particularly vulnerable so as to make this crime different from other indecent liberties under RCW 9A.44.100(1)(b). *See State v. Chase,* 343 N.W.2d 695, 697 (Minn. Ct. App. 1984), which held that a 6–year–old victim was not particularly vulnerable.

#### 2. Knowledge of Consequences to Victim

In *Nordby,* at 519, the court held that a defendant's intentional mental state in grabbing a steering wheel and turning the car in which he was riding toward a pedestrian was grounds for an exceptional sentence since vehicular

assault, for which he was convicted, required only intoxication or recklessness. Likewise, in *State v. Weaver,* 46 Wn. App. 35, 729 P.2d 64 (1986), our court held that "[w]hile intoxication at the time of the offense is not a valid factor, . . . a history of chemical abuse and disregard for its effects is" reason for a durational departure. *Weaver,* at 43 (quoting *State v. Loitz,* 366 N.W.2d 744, 747 (Minn. Ct. App. 1985)).

Here, the presentence report indicates that because of his participation in sexual offender programs, Mr. Woody was fully aware of the consequences of his acts to his victims. Thus, the court found he acted with a more culpable mental state than that typically required of indecent liberties. RCW 9A.44.100 only requires that the defendant act knowing; *i.e.,* that he was aware or should have been aware of the facts described by the statute as constituting the offense. *See* RCW 9A.08.010(b), defining knowledge. Mr. Woody acted not only with knowledge that the child was under 14 years of age, but he also acted with knowledge of the psychological consequences of his acts upon the child. This fact was properly considered by the court in imposing a sentence beyond the 15–to 20–month range.

### 3. Violence

A sentence outside the presumptive sentencing range is appropriate when the circumstances of the crime distinguish it from other crimes of the same statutory category. D. Boerner, *Sentencing in Washington* § 9.6, at 9–13 (1985). The Legislature considers the typical circumstances of a crime when it establishes the severity of a statutory offense, and probably considers the "worst case" when it establishes the maximum prison sentence. Zimring, *Sentencing Reform in the States: Some Sobering Lessons. from the 1970's,* 2 N. Ill. U. L. Rev. 1, 14 (1981).

The crime of indecent liberties as defined in RCW 9A.44.100(1)(b) is typically committed *without* the use of a knife and threats of death. These facts distinguish Mr. Woody's acts. However, these facts may also constitute

indecent liberties by forcible compulsion, RCW 9A.44-.100(1)(a), which has a higher seriousness score under the sentencing reform act than the indecent liberties with which Mr. Woody was charged. *See* RCW 9.94A.310, Tables 1 and 2. As noted in *State v. Harp,* 43 Wn. App. 340, 342–43, 717 P.2d 282 (1986): "Defendants will be held accountable for those crimes of which they are convicted, but not for crimes the prosecutor could not, or chose not, to prove." Real facts that establish elements of a higher crime, a more serious crime, or additional crimes cannot be used to go outside the presumptive sentencing range except upon stipulation. *State v. Gonzales,* 46 Wn. App. 388, 406, 731 P.2d 1101 (1986); former RCW 9.94A.370, in effect at the time of Mr. Woody's sentencing. No stipulation was entered here. Thus, the fact that Mr. Woody allegedly used a knife during the offense cannot be used to enhance his punishment.[2]

### 4. Future Dangerousness

█ "Given a history of similar acts or other corroborating evidence, the court may enhance the sentence on the basis of a considered assessment of future dangerousness." *State v. Olive,* 47 Wn. App. 147, 150, 734 P.2d 36 (1987). In *State v. Wood,* 42 Wn. App. 78, 82, 709 P.2d 1209 (1985), *review denied,* 105 Wn.2d 1010 (1986), the court held:

> The purposes of the sentencing reform act include imposing sufficient punishment upon the offender and protecting the public. RCW 9.94A.010. For a person who commits a sex crime upon a 4–year–old child, who has committed a prior offense with another young victim, who has been diagnosed a pedophile, and who cannot be treated at Western State Hospital, the sentencing judge would be entitled to conclude that a sentence of longer

[2]The State also argues that the nudity involved here as well as Mr. Woody's act in masturbating onto the victim's genitals constituted deliberate cruelty, an aggravating circumstance under RCW 9.94A.390. While we are aware indecent liberties may be committed in other ways, we hold that these facts do not distinguish Mr. Woody's crime from other indecent liberties so as to justify an exceptional sentence on that ground alone.

than 20 months is necessary to satisfy [the SRA's] purposes.

Mr. Woody has a history of committing sexual offenses, both as an adult and as a juvenile. He has received treatment in the past, but his conduct continues unabated. The incident leading to his present conviction occurred within a few months of his participation in a counseling program and while he was still on parole for his 1979 conviction for communicating with a minor for immoral purposes. The psychologists are unanimous in their opinion that Mr. Woody is not amenable to treatment and requires a lengthy incarceration in order to protect the public. Mr. Woody himself has told of being plagued with thoughts of killing his victims.[3] This record is more than adequate for the court to make a considered assessment of Mr. Woody's future dangerousness and, accordingly, impose an enhanced sentence.

In so holding, we are aware that the court in *State v. Pascal, supra* at 137–38, has stated:

> The trial court's subjective determination that these ranges . . . do not adequately advance the . . . goals [of the SRA, including protection of the public], is not a substantial and compelling reason justifying a departure.

This language recognizes that an exceptional sentence may not be imposed based on the superior court's "subjective determination" that the range is inadequate. *Accord, State v. Nelson,* 43 Wn. App. 871, 879, 719 P.2d 961 (1986). Here, the Superior Court has set forth in writing its reasons for imposing an exceptional sentence. These reasons express more than the court's "subjective determination." They articulate a factual basis for its finding that Mr. Woody's future dangerousness justifies a departure from the standard sentencing range.

We conclude Mr. Woody's deliberate mental state and

---

[3]The presentence investigation report states at 7: "It should be noted that in my jail interview with Mr. Woody, he stated that he also has been plagued with thoughts of killing his victim, prior to his arrest, so that he would not be apprehended."

his future dangerousness are substantial and compelling reasons justifying the court's departure from the standard sentencing range.

C

WAS THE SENTENCE CLEARLY EXCESSIVE?

As noted above, abuse of discretion is the standard of review of a court's decision regarding the length of an exceptional sentence. *Oxborrow.* In light of Mr. Woody's future dangerousness and his knowledge of the serious consequences of his conduct to his young and helpless victims, we conclude that a reasonable person may have imposed the 10-year sentence.

The judgment of the Superior Court is affirmed.

GREEN and THOMPSON, JJ., concur.

Review denied by Supreme Court February 1, 1988.