[No. 19816-5-I.   Division One.   May 4, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN ROBIN TUNELL, *Appellant.*

*Rita J. Griffith* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Kenneth Cowsert, Deputy,* for respondent.

PEKELIS, J.—Steven Robin Tunell appeals from a conviction on two counts of first degree statutory rape and three counts of indecent liberties. He contends that the trial court erred in imposing an exceptional sentence.

## I

Tunell was charged by amended information with two counts of first degree statutory rape, RCW 9A.44.070, and three counts of indecent liberties, RCW 9A.44.100(1)(b). The amended information alleged that the offenses were committed in May 1986 on five different children.

Tunell entered an *Alford* plea[1] on each of the five counts. He stated that he did not believe himself to be guilty, but that he nonetheless wanted to take advantage of a plea agreement he had reached with the State. Pursuant to the terms of this agreement, at the sentencing hearing, the State recommended that the court impose a sentence at the low end of the standard range for each count, and also that the sentences run concurrently. With no prior convictions, the standard range for the statutory rape convictions was 57 to 75 months, while the standard range for the indecent liberties convictions was 31 to 41 months. The court was also presented with and considered a presentence investigation report which recommended an exceptional sentence of not less than 20 years. The court also reviewed

---

[1]*See North Carolina v. Alford,* 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970).

numerous letters from friends and relatives of the five victims, many of whom also recommended lengthy sentences.

The court found that an exceptional sentence was justified, and imposed concurrent sentences of 144 months for the two statutory rape convictions and 120 months for the three indecent liberties convictions. Tunell appeals, claiming that the court's reasons are not supported by the record, that the reasons did not support an exceptional sentence, and that the sentence imposed is clearly excessive.

## II

The trial court may impose a sentence outside the standard range if it finds that there are "substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.120(2). Whenever an exceptional sentence is imposed, the court must set forth the reasons for its decision in written findings of fact and conclusions of law. RCW 9.94A-.120(3). The statute provides a list of factors which the court may consider in the exercise of its discretion to impose an exceptional sentence, but these factors are only illustrative and are not to be considered exclusive. RCW 9.94A.390; *State v. McAlpin,* 108 Wn.2d 458, 463, 740 P.2d 824 (1987); *State v. Nordby,* 106 Wn.2d 514, 516, 723 P.2d 1117 (1986).

In this case, the trial court gave the following reasons for imposing an exceptional sentence.

1. The defendant's criminal behavior in this matter shows a continuing pattern of conduct which began with the sexual abuse of his own daughter, which conduct he had an opportunity to get treatment for. The defendant did not, apparently, for financial reasons, follow through with such treatment, thereby not dealing with what he knew was a dangerous problem.

2. It is apparent that the childre [*sic*] were seriously impacted, both mentally and physically, by the defendant's conduct.

3. The defendant's criminal conduct involved multiple incidents of sexual abuse against multiple victims.

4. The youthful age of the children made then particularly vulnerable victims.

5. The defendant entered an "Alford" plea. The Court finds that the defendant did not come before the Court with candor, thereby refusing to acknowledge the severity of the offenses. The Court thus believes that the defendant, due to the failure to acknowledge, poses a more significant risk to the community than one who admits and confronts his deviancy. An exceptional sentence is therefore justified because the community has a right to expect that the defendant will not soon be released to continue to prey upon children.

In reviewing an exceptional sentence, this court must first determine whether the trial court's reasons are supported by the record.[2] RCW 9.94A.210(4)(a); *McAlpin,* 108 Wn.2d at 462; *Nordby,* 106 Wn.2d at 517. Since this is a factual determination, the trial court's reasons will be upheld unless they are found to be "clearly erroneous." *McAlpin,* 108 Wn.2d at 462; *Nordby,* 106 Wn.2d at 517–18. Second, the reviewing court must independently determine whether, as a matter of law, the trial court's reasons justify an exceptional sentence. RCW 9.94A.210(4)(a); *McAlpin,* 108 Wn.2d at 463; *Nordby,* 106 Wn.2d at 518. The reasons given must take into account factors other than those which are necessarily considered in computing the presumptive range for the offense. *McAlpin,* 108 Wn.2d at 463; *Nordby,* 106 Wn.2d at 518.

## A

As its first reason for the exceptional sentence, the trial court cited the defendant's "continuing pattern of conduct," which allegedly began with the sexual abuse of his

---

[2]In addition to the verbatim report of the sentencing hearing, the record in this case consists of the plea agreement and the presentence reports. The presentence reports include various statements on behalf of the victims by friends, family members, and counselors. *See* RCW 9.94A.110. Since none of this information was objected to, the trial court properly relied on it. *See* RCW 9.94A.370(2).

daughter.[3] However, the record shows only that Tunell admitted to having been accused of molesting his daughter in 1981.

Even if this were enough to establish, for the purpose of sentencing, that Tunell had in fact molested his daughter, that fact could not be used to justify an exceptional sentence. The sentencing reform act prohibits reliance on facts that establish elements of additional crimes in imposing an exceptional sentence.[4] RCW 9.94A.370(2); *State v. Swanson,* 45 Wn. App. 712, 714, 726 P.2d 1039 (1986); *State v. Harp,* 43 Wn. App. 340, 342, 717 P.2d 282 (1986). A defendant will be held accountable for the crimes of which he is convicted, but not for crimes which the State is unwilling or unable to prove. *Harp,* 43 Wn. App. at 342–43. Thus, since the trial court's first reason relies on facts which would constitute an additional crime, it cannot be used to justify an exceptional sentence.

B

As its second reason, the trial court cited the serious effects of Tunell's conduct on the victims. As a general rule, the seriousness of a victim's injuries cannot be used to justify an exceptional sentence if that factor has been considered in defining the crime itself. *See State v. Weaver,* 46 Wn. App. 35, 42, 729 P.2d 64 (1986) (seriousness of injury considered in defining crime of vehicular assault), *review denied,* 107 Wn.2d 1031 (1987). On the other hand, the effects on the victim may be used to justify an exceptional sentence if they are significantly more serious than in the usual case. *See State v. Ratliff,* 46 Wn. App. 466, 469–70,

---

[3]The trial court also cited Tunell's failure to get treatment after this accusation was made. Tunell's lack of amenability to treatment generally is considered separately in connection with the trial court's fifth reason.

[4]There are some exceptions, none of which are applicable here. *See* RCW 9.94A.370(2).

731 P.2d 1114 (1987) (severe emotional distress suffered by victim justified exceptional sentence for intimidating a witness). Tunell contends that in this case there is no evidence that the effects on the victims were more serious than in the usual case.

The record shows, however, that at least two of the victims suffered serious physical, as well as sexual, abuse. According to the presentence report, the 3–year–old statutory rape victim suffered hymenal tearing and vaginal inflammation as a result of Tunell's having placed a narrow stick inside her vaginal canal. The same victim was apparently kicked by Tunell. In addition, Tunell's actions caused the penis of one of the indecent liberties victims to become inflamed.

There was also evidence that the victims suffered very serious psychological effects as a result of the threats and intimidation Tunell used to accomplish his criminal purpose. Not only were most of the victims withdrawn and having difficulty in school, but one of the children, who had been told he would die if he spoke about Tunell's sexual contacts, was so fearful of reprisals that he defecated in his pants when questioned. A therapist reported that this victim had been traumatized to a degree seldom seen in such cases. In short, the record supports the conclusion that the effects on the victims were significantly more serious than in the usual case, and this reason may be used to justify an exceptional sentence. *See Ratliff,* 46 Wn. App. at 469–70.

## C

The court's third reason was that the crimes involved "multiple incidents of sexual abuse against multiple victims." The record shows five incidents of sexual abuse and five victims. All of them were taken into account in Tunell's five convictions. The five convictions were, in turn, taken into account in determining Tunell's offender score and hence the presumptive range for each offense. *Cf. State v. Fisher,* 108 Wn.2d 419, 425–26, 739 P.2d 683 (1987)

(two incidents of sexual contact; two convictions for indecent liberties). Therefore, they cannot be used to justify a departure from the presumptive range. *Fisher,* 108 Wn.2d at 426; *McAlpin,* 108 Wn.2d at 463; *Nordby,* 106 Wn.2d at 518.[5]

### D

As a fourth reason for an exceptional sentence, the trial court found that the victims were particularly vulnerable due to their youth. RCW 9.94A.390(2)(b) provides that an exceptional sentence is justified where "[t]he defendant knew or should have known that the victim of the current offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health." The record shows that one of the statutory rape victims was 3 years old, while the other was 6. The three indecent liberties victims were 6. Tunell argues that the victims' ages cannot be used to justify an exceptional sentence because they have already been taken into account in defining the crimes of which he was convicted. First degree statutory rape requires that the victim be under 11, while

---

[5] In arguing that the trial court's third reason justifies an exceptional sentence, the State relies on RCW 9.94A.390(2)(f), which provides that an exceptional sentence is justified if "[t]he operation of the multiple offense policy of RCW 9.94A-.400 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter". However, the trial court never cited this as a reason for the exceptional sentences. Moreover, this is not the sort of case to which RCW 9.94A.390(2)(f) applies. It is only proper to rely on this aggravating factor when there is "extraordinarily serious harm or culpability resulting from multiple offenses" not otherwise accounted for in determination of the standard range. *State v. Fisher,* 108 Wn.2d 419, 428, 739 P.2d 683 (1987). While it is undeniable that in this case *each* of the five offenses had serious consequences, there is nothing to suggest that the multiplicity of the offenses itself had any egregious effects. *See Fisher,* 108 Wn.2d at 429.

The State also appears to argue that RCW 9.94A.390(2)(e) is applicable. RCW 9.94A.390(2)(e) provides that an exceptional sentence is justified where "[t]he offense was part of an ongoing pattern of sexual abuse of the same victim under the age of eighteen years manifested by multiple incidents over a prolonged period of time". However, in this case the record fails to establish multiple incidents of abuse involving the same victim.

indecent liberties requires that the victim be under 14. RCW 9A.44.070, .100(1)(b).

As a general rule, it would be unfair to use the victim's age to justify an exceptional sentence when age constitutes an element of the crime and is therefore already factored into the sentencing guidelines. *State v. Wood,* 42 Wn. App. 78, 80, 709 P.2d 1209 (1985), *review denied,* 105 Wn.2d 1010 (1986). However, our Supreme Court has held that "the particular vulnerability of a specific victim due to extreme youth" can be grounds for an exceptional sentence for the crime of indecent liberties. *Fisher,* 108 Wn.2d at 424. In *Fisher,* 108 Wn.2d at 425, the victim was 5½ years old, and the court found that this, without more, was sufficient to support a finding that he was "particularly vulnerable." On the other hand, in *State v. Woody,* 48 Wn. App. 772, 777, 742 P.2d 133 (1987), *review denied,* 110 Wn.2d 1006 (1988), this court acknowledged the holding of *Fisher* but held that a 7–year–old indecent liberties victim, being of school age, was not "particularly vulnerable" due to his age.

We need not determine whether *Fisher* or *Woody* is controlling in the case of the 6–year–old victims of statutory rape and indecent liberties. One of the statutory rape victims was 3 years old and hence "particularly vulnerable" due to extreme youth. Thus, the trial court's fourth reason justifies an exceptional sentence for at least one of the two statutory rape convictions.

## E

As its fifth and final reason, the trial court cited Tunell's refusal to acknowledge his wrongdoing. The court found that because of this Tunell was less amenable to treatment and therefore posed a greater threat to the community. Tunell argues, citing *State v. Payne,* 45 Wn. App. 528, 726 P.2d 997 (1986), that the trial court's findings are not supported by the record and that they do not justify an exceptional sentence.

In *Payne,* this court held that a psychologist's prediction of future dangerousness, without any history of similar acts or other corroborating evidence, was not a proper basis for an exceptional sentence. *Payne,* 45 Wn. App. at 533. *But see State v. Harp,* 43 Wn. App. 340, 343, 717 P.2d 282 (1986) (finding of lack of amenability to treatment is proper basis for exceptional sentence where supported by report from psychiatric hospital). On the other hand, "'[g]iven a history of similar acts or other corroborating evidence, the court may enhance the sentence on the basis of a considered assessment of future dangerousness.'" *Woody,* 48 Wn. App. at 779 (quoting *State v. Olive,* 47 Wn. App. 147, 150, 734 P.2d 36, *review denied,* 109 Wn.2d 1017 (1987)).

Under the standard of *Woody* and *Olive,* the record in this case contains sufficient corroborating evidence for the trial court to have made a "considered assessment" of Tunell's lack of amenability to treatment and his future dangerousness. First, Tunell's refusal to acknowledge his deviancy is demonstrated by his *Alford* plea and by his attempts at deception during a polygraph examination. The record also shows that Tunell was reluctant to enter treatment, using denial and other defense mechanisms to minimize his problem. Based on these facts, the mental health experts consulted expressed their opinion that Tunell would be very difficult to treat. *Cf. Woody,* 48 Wn. App. at 780. On these facts, the trial court could properly have found that an exceptional sentence was necessary to protect the public. *See Woody,* 48 Wn. App. at 779–80; RCW 9.94A.010(4). In summary, we conclude that three of the trial court's five reasons justify an exceptional sentence in this case.[6]

---

[6]More precisely, we conclude that three of the court's reasons justify an exceptional sentence for the statutory rape conviction involving the 3–year–old victim. Since this was the longest of Tunell's five concurrent sentences, Tunell's maximum term of confinement was established by the sentence imposed on this count.

## III

■ Tunell next contends that even if an exceptional sentence is justified, the sentence of 144 months was clearly excessive. *See* RCW 9.94A.210(4)(b). The trial court's decision regarding the length of an exceptional sentence is subject to review only for an abuse of discretion. *McAlpin,* 108 Wn.2d at 467; *State v. Oxborrow,* 106 Wn.2d 525, 530, 723 P.2d 1123 (1986). A sentence will be reversed as "clearly excessive" only if the trial court's action was one that "no reasonable person would have taken." *State v. Armstrong,* 106 Wn.2d 547, 551–52, 723 P.2d 1111 (1986). We find that the sentence imposed in this case is not "clearly excessive" in light of the three substantial and compelling reasons which justify it. RCW 9.94A.210(4)(b).

## IV

■ Because some but not all of the court's reasons were proper, we must determine whether to affirm the sentence or remand for resentencing. *Compare Fisher,* 108 Wn.2d at 429–30 (sentence 4 months longer than standard range affirmed even though three of four reasons were invalidated) *with State v. Dunaway,* 109 Wn.2d 207, 219–20, 743 P.2d 1237 (1987) (remand found appropriate where two of three reasons were invalidated and sentence was 20 years above midpoint of standard range). In this case it is clear from the court's oral opinion that Tunell's lack of accountability and amenability to treatment, as well as the serious effects on the victims, were the principal reasons for the imposition of the 144-month sentence. As we have held herein, those reasons were properly considered by the court, were supported by the record, and justify an exceptional sentence of 144 months. Given the trial court's reliance on what are valid and substantial reasons for the sentence, it is unnecessary to remand. We are confident that the court would impose the same sentence even without considering the two improper factors.

Affirmed.

GROSSE and WEBSTER, JJ., concur.

Review denied by Supreme Court July 5, 1988.