[No. 14148-5-II.    Division Two.    March 17, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. DAWNA
HAMBY, *Appellant.*

*Judy R. Jasprica* and *Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Kitty-Ann Van Doorninck, Deputy,* for respondent.

SEINFELD, J. — Dawna Hamby appeals her convictions of numerous counts of statutory rape in the first degree, child molestation in the first degree, rape of a child in the first degree and indecent liberties. Hamby's minor daughters were the victims of all the offenses. The trial court imposed an exceptional sentence on two counts, finding defendant

abused her position of trust as the victims' mother. Defendant challenges the use of the abuse of trust factor, contending it is inappropriate in a parent-child situation. We disagree.

■ The finding of abuse of a position of trust is an appropriate consideration in support of an exceptional sentence. *See State v. Fisher*, 108 Wn.2d 419, 426, 739 P.2d 683 (1987); *State v. Harp*, 43 Wn. App. 340, 343, 717 P.2d 282 (1986). Abuse of trust cases generally have involved an outside caregiver rather than a parent and child. However, as Division One of this court recently noted in an appeal of an exceptional sentence for indecent liberties committed by a father upon his daughter, "the relationship between C and her father here was sufficient to establish a separate ground for an exceptional sentence based on the defendant's abuse of a position of trust." *State v. Overvold*, 64 Wn. App. 440, 447, 825 P.2d 729 (1992).

We see no facts that distinguish the case at bar from *Overvold*. We also agree with the reasoning of *Overvold*; the trust relationship that bonds individuals residing in the same household for an extended period of time is likely to be particularly strong and the abuse of that relationship is thus particularly egregious. The trial court did not err in relying upon Hamby's abuse of her position of trust as the victims' mother as an aggravating factor.

We affirm the convictions and remand the case to the trial court for resentencing.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

ALEXANDER, C.J., and PETRICH, J., concur.