[No. 9819-9-II. Division Two. October 17, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. MARK RODNEY SWANSON, *Appellant.*

---

*Robert W. Huffhines,* for appellant (appointed counsel for appeal).

*Henry R. Dunn, Prosecuting Attorney,* and *Robin M. Force, Deputy,* for respondent.

PETRICH, J.—Mark Rodney Swanson challenges his 9–month sentence for taking a motor vehicle without the owner's permission. Under the Sentencing Reform Act of 1981 (SRA), taking into account his prior conviction for a nonviolent offense, the presumptive sentence range for this crime is 0 to 90 days. Swanson contends that the trial court relied on disputed evidence that constitutes the elements of an additional crime to justify the sentence outside the range. We reverse and remand for sentencing within the range.

Swanson pleaded guilty to intentionally and without permission riding in a stolen 1980 Honda Prelude. He was accompanied by several juveniles. After the car was driven around for a while, it was battered with some sort of blunt instrument, pushed over an embankment, and abandoned. The damage to the vehicle was estimated at approximately $3,800.

The individuals involved in the incident provided inconsistent stories with regard to responsibility for the damage to the Honda. At an evidentiary hearing, one of Swanson's codefendants testified that Swanson caused the damage while Swanson testified that the others were responsible. The court disbelieved Swanson. It found that he deliberately destroyed the vehicle causing unusual economic damage to the victim. Although the prosecutor recommended a

sentence within the range along with payment of restitution to the victim, the trial court ordered the exceptional sentence.

The presumptive sentence range is calculated by combining the seriousness level of taking a motor vehicle without permission with Swanson's criminal history. RCW 9.94A.310. This produces the guideline range of 0 to 90 days. The statutory maximum sentence for taking a motor vehicle without permission, a class C felony, is 5 years. RCW 9A.56.070(1).

 The sentencing court may impose a sentence in excess of the legislatively authorized presumptive range only if it finds that substantial and compelling reasons justify an exceptional sentence. RCW 9.94A.120(2). On appeal, a sentence can be reversed only if (a) the reasons given by the sentencing court are not supported by the record, or (b) those reasons do not justify an exceptional sentence, or (c) the sentence imposed is clearly excessive or too lenient. Here, Swanson contends that the reasons provided as justification are improper because they violate the "real facts" doctrine set forth in former RCW 9.94A.370. The statute provides:

> Real facts that establish elements of . . . additional crimes cannot be used to go outside the presumptive sentence range except upon stipulation.

In this case, Swanson contends that the court findings constitute the elements of malicious mischief in the first degree, a class B felony. RCW 9A.48.070. The State does not deny that all of the elements of malicious mischief are present. Therefore, reliance on those facts is prohibited.

> The sentencing reform act clearly prohibits reliance on real facts that establish elements of additional crimes to go outside the presumptive range, except upon stipulation. RCW 9.94A.370. . . . Defendants will be held accountable for those crimes of which they are convicted, but not for crimes the prosecutor could not, or chose not to, prove.

*State v. Harp*, 43 Wn. App. 340, 342–43, 717 P.2d 282

(1986).

The State seeks to distinguish this case on the basis that application of the real facts doctrine is appropriate only where the additional crime was charged and later dismissed pursuant to a plea bargain. We are not persuaded. Admittedly, one purpose behind the real facts doctrine is the prevention of illusory plea bargaining. D. Boerner, *Sentencing in Washington* § 9.9, at 9–17 (1985). Professor Boerner states:

> To consider charges that have been dismissed pursuant to plea agreements will inevitably deny defendants the benefit of their bargains. If the state desires to have additional crimes considered in sentencing it can insure their consideration by refusing to dismiss them and proving their existence. . . .

However, illusory plea bargains are only one of the impediments to accountability that the act seeks to avoid. The first stated purpose of the SRA is "to make the criminal justice system accountable to the public . . ." RCW 9.94A.010. Prosecutorial accountability is as dependent on the initial charging decision as it is on the later decision to dismiss charges. Due to the lack of a public record of the prosecutor's charging decisions, neither the public nor a reviewing court know when a prosecutor has agreed not to file additional charges in exchange for a defendant's agreement to plead guilty to a particular charge. Where a defendant pleads guilty to a charge, an enhanced sentence punishing additional uncharged crimes would deny him the benefit of his bargain to the same extent as if the additional crime were charged and later dismissed. Thus, there is even less accountability for agreements regarding "invisible" uncharged crimes than for charged and dismissed crimes and the policy considerations underlying the real facts doctrine are equally applicable in both situations.

In addition, if a defendant can be sentenced for uncharged crimes, this will undermine the act's purpose of providing sentences proportionate to the seriousness of the offense and the offender's criminal history, and commensu-

rate with the punishment imposed on others committing similar offenses. RCW 9.94A.010(1) and (3).

In summary, we hold that the trial court violated RCW 9.94A.370 by relying on facts that constitute the crime of malicious mischief to justify its departure from the presumptive range. The real facts doctrine applies to additional uncharged crimes as well as to those that were charged and dismissed.

The exceptional sentence is reversed. The case is remanded for sentencing within the standard range.

REED, A.C.J., and ALEXANDER, J., concur.

Reconsideration denied December 29, 1986.