[No. 24036–6–I.    Division One.    September 10, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES
STEVEN GREWE, *Appellant.*

*Eric Broman* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

GROSSE, A.C.J.—Charles S. Grewe appeals his exceptional sentence. The trial court identified an abuse of trust and the multiple offense policy that resulted in too lenient a sentence as the aggravating factors justifying the exceptional sentence. We reverse and remand for resentencing.

A jury convicted Grewe of two counts of indecent liberties and one count of attempted first degree statutory rape. He was acquitted of two other counts of indecent liberties. At trial the three victims testified about Grewe's contact with them. Both T and S were students who rode a school bus driven by Grewe. T described two incidents where Grewe touched her "lower private parts" while she was in line getting on the bus. When she asked him to remove his hand he did not do so until the line continued to move. S testified that when she asked Grewe if she could open the window he started tickling her and eventually placed his hand under her panties on her vaginal area.

Grewe's neighbor, C, testified that she and her friends played with Grewe's computer or piano at his house. She described an incident when Grewe placed his hand down her pants and attempted to put his finger in her vagina. She then hit him in the face and ran away.

At the sentencing hearing two other witnesses testified about Grewe's sexual contact with them. A described a 1981 incident where Grewe touched his genital area when Grewe was his assistant Boy Scout troop leader. J testified that Grewe discussed sexual touching and Grewe placed his hands on his stomach, thigh, and knee when Grewe was his bus driver. Previously at a CrR 3.5 hearing, D testified that Grewe exposed himself when they were at a scout camp in 1987.

The standard range for the two indecent liberties counts is 21 to 27 months and the standard range for the other count was 30.75 to 40.5 months. The State argued for an exceptional sentence due to an abuse of Grewe's position of trust, confidence, or fiduciary responsibility and his future dangerousness. Before imposing sentence, the trial court made the following comment:

And the public policy of the State of Washington, for reasons known probably only to the legislature, are that in a case such as this, all those sentences must be served concurrently, I mean must be imposed concurrently. If it weren't for that, the standard range would be in the area of 53 to 90 or 100 and some months.

The trial court followed the State's recommendation and imposed an exceptional sentence of 60 months, although the trial court had originally contemplated a more severe sentence. In imposing an exceptional sentence, the trial court made the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. That the incidents described by [A] did occur; i.e. that the defendant touched his genital area in 1981 when the defendant supervised [A]'s Boy Scout Troop.
2. That the incidents described by [J] did occur; i.e. that the defendant discussed sexual touching, and sexual preferences with him while [J] was on the defendant's school bus.
3. That the incidents described by [D] in the Child Hearsay hearing did occur; i.e. that the defendant exposed himself to [D] and discussed sexual touching with him in 1987 when the defendant supervised [D] at Fire Mountain Boy Scout Camp.
4. That the defendant was the school bus driver for [T] and [S], and was on duty in that capacity, when he had sexual contact with them.
5. That [T] had no choice but to walk past the defendant when she got on the bus, and was in a position where she could not move away from the defendant because she was in a line of children getting on the bus when the incident occurred.
6. That [S] had approached the defendant to ask him for permission to open the window in the back of the bus when he had sexual contact with her.
7. That the defendant attracted children in his neighborhood to his home by offering them entertainment; i.e. playing with his dog, piano or computer.

### CONCLUSIONS OF LAW

1. That the defendant used his position of trust, confidence or fiduciary responsibility to facilitate the commission of these offenses, under RCW 9.94A.390(2)(c)(iv).
2. That a sentence within the standard range would be clearly too lenient in light of the purposes of the Sentencing Reform Act under RCW 9.94A.390(2)[(g)].

3. That the above–named reasons are substantial and compelling reasons justifying a sentence in excess of the standard range.

Grewe appeals his exceptional sentence.

■ An appellate court reviews an exceptional sentence to first determine whether the trial court's reasons are supported by the record and, second, whether as a matter of law the reasons justify an exceptional sentence. *State v. Nordby*, 106 Wn.2d 514, 516, 723 P.2d 1117 (1986). Grewe challenges all seven of the trial court's findings of fact. An appellate court will uphold the trial court's reasons unless they are clearly erroneous. *State v. McAlpin*, 108 Wn.2d 458, 462, 740 P.2d 824 (1987).

■ Although Grewe assigns error to the first three findings of fact, he fails to argue that the record does not support these findings. A party abandons assignments of error if they are not argued in its brief. *Valley View Indus. Park v. Redmond*, 107 Wn.2d 621, 630, 733 P.2d 182 (1987). Upon review of the record we found ample evidence to support the trial court's remaining factual findings (4 through 7). Having found the findings are supported by the record, we turn to each aggravating factor to determine whether as a matter of law the reasons justify an exceptional sentence.

### REAL FACTS DOCTRINE

■ Grewe argues that the trial court improperly considered the uncharged crimes when it imposed an exceptional sentence. RCW 9.94A.370(2) provides, in relevant part:

Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside the presumptive sentence range except upon stipulation or when specifically provided for in RCW 9.94A.390(2) (c), (d), and (e).

Courts have applied this established rule to reject uncharged crimes as aggravating factors. *State v. Dunivan*, 57 Wn. App. 332, 334, 788 P.2d 576 (1990); *State v. McAlpin*, 108 Wn.2d 458, 740 P.2d 824 (1987); *State v. Gonzales*, 46 Wn. App. 388, 731 P.2d 1101 (1986); *State v. Swanson*,

45 Wn. App. 712, 726 P.2d 1039 (1986). In certain situations, both statutory and judicially created exceptions to the real facts doctrine have allowed the trial court to consider uncharged behavior as an aggravating factor. RCW 9.94A.390(2)(c), (d), and (e); *State v. Davis,* 53 Wn. App. 306, 312–13, 766 P.2d 1120, *review denied,* 112 Wn.2d 1015 (1989). Because none of the exceptions apply here, the trial court improperly relied on findings of fact 1 through 3 when it imposed Grewe's sentence. Each of these findings established an additional crime that was not charged. The *Swanson* court identified the rationale for this sound rule:

> [I]f a defendant can be sentenced for uncharged crimes, this will undermine the act's purpose of providing sentences proportionate to the seriousness of the offense and the offender's criminal history, and commensurate with the punishment imposed on others committing similar offenses. RCW 9.94A-.010(1) and (3).

*Swanson,* 45 Wn. App. at 715–16. This reasoning firmly supports the result we reach here.

Contrary to the State's argument, these facts were considered by the trial court in imposing the exceptional sentence, not just in determining the length of the sentence. At sentencing the trial court stated:

> With this having gone on for eight years, I'm not so sure that five—Well, 60 months is going to be enough, but I hope and pray that you make as good a use of those facilities as you can so that you don't have this problem anymore.

This comment clearly indicates that the trial court was considering the uncharged incidents because the three charged offenses occurred during 1988. We hold the trial court violated the real facts doctrine when it based Grewe's exceptional sentence on an abuse of trust that involved the three uncharged crimes.

### ATTEMPTED STATUTORY RAPE SENTENCE

Grewe challenges the trial court's conclusion that he was in a position of trust in relation to C, his next–door neighbor. He argues that the relationship between Grewe and his neighbor was insufficient to constitute a position of trust on the attempted statutory rape conviction. He cites dicta

from *State v. Fisher,* 108 Wn.2d 419, 427, 739 P.2d 683 (1987) to support this contention.

A relationship extending over a longer period of time, or one within the same household, would indicate a more significant trust relationship, such that the offender's abuse of that relationship would be a more substantial reason for imposing an exceptional sentence.

Fisher sexually assaulted the victim who had asked Fisher to accompany him to the rest room. The *Fisher* court stated that this evidenced a relationship of trust existed because the victim's parents had always accompanied him to the rest room and Fisher assumed this position of trust, even though Fisher had known the victim only for a few days. The value of this discussion is limited because the Supreme Court did not rely on an abuse of trust to justify the exceptional sentence.

■ The duration and degree of the relationship are two factors to consider in determining whether the defendant used a position of trust to facilitate the crimes. *State v. Strauss,* 54 Wn. App. 408, 773 P.2d 898 (1989). Most child abuse cases finding an abuse of a position of trust generally involve a family relationship. *State v. Creekmore,* 55 Wn. App. 852, 860, 783 P.2d 1068 (1989) (parent abused position of trust), *review denied,* 114 Wn.2d 1020 (1990); *State v. Harp,* 43 Wn. App. 340, 342–43, 717 P.2d 282 (1986) (stepfather/uncle molested his stepdaughter and his niece); *State v. Shephard,* 53 Wn. App. 194, 766 P.2d 467 (1988) (uncle abused his position of trust with his niece). Recently, the Court of Appeals held that abuse of a babysitting relationship, a position of trust, justified an exceptional sentence in an indecent liberties case. *State v. Pryor,* 56 Wn. App. 107, 782 P.2d 1076 (1989), *review granted,* 114 Wn.2d 1001 (1990).[†] In all of these cases, the defendant had an established or express caretaking function with the victim and used that relationship to physically or sexually abuse the child.

---

[†]Reporter's Note: Affirmed at 115 Wn.2d 445 (1990).

■ In this case the trial court also based the abuse of trust on Grewe's relationship with the victim as a neighbor and friend. Grewe allowed children in the neighborhood to come to his house and play his piano and computer, but did not have an express caretaking relationship as in the cases cited above. The State urges us to adopt the reasoning of *State v. Wood*, 52 Wn. App. 159, 165–66, 758 P.2d 530 (1988) where the court construed the marital privilege statute and recognized that an adult engaged in play with a child assumes a "parental duty". We believe that reasoning applies here.

Grewe consented to C's visits in his home without her parents and actively sought a relationship with her by inviting her to his home to use his piano and computer, two items particularly attractive to children. In doing so, he assumed a surrogate parental relationship that facilitated the commission of the crime. Although there was no express caretaking relationship, Grewe abused his position of trust when he attempted to rape C in his home. This abuse of a position of trust is an aggravating factor that justifies the exceptional sentence.

### INDECENT LIBERTIES SENTENCE

On the indecent liberties sentence the evidence establishes that Grewe abused his position of trust as a bus driver when he touched T and S. His position as a caretaker is evident because he could punish the children to maintain order on the bus. Although this abuse of a position of trust appears to justify an exceptional sentence for the two indecent liberties convictions, further inquiry is required.

■ A factor taken into account in determining the standard range may not be used to justify an exceptional sentence. *State v. Dunaway*, 109 Wn.2d 207, 218, 743 P.2d 1237, 749 P.2d 160 (1987). Grewe argues that an abuse of a position of trust cannot be an aggravating factor for the

indecent liberties convictions because the defendant's position of trust is already considered in determining the standard sentence range. Former RCW 9A.44.100(1) provided:

**Indecent liberties.** (1) A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:

(a) By forcible compulsion; or

(b) When the other person is less than fourteen years of age; or

(c) When the other person is less than sixteen years of age and the perpetrator is more than forty–eight months older than the person and *is in a position of authority over the person;* or

(d) When the other person is incapable of consent by reason of being mentally defective, mentally incapacitated, or physically helpless.

(Italics ours.) Although Grewe acknowledges that he was charged under former RCW 9A.44.100(1)(b) rather than (1)(c), he argues that the Legislature considered an abuse of a position of authority when it established the standard range for the sentence and a trial court cannot consider it an aggravating factor. This argument merits serious consideration.

■ The Supreme Court rejected planning as an aggravating factor in a first degree murder sentencing because it was already included in the premeditation element of the crime. *State v. Dunaway,* 109 Wn.2d at 218. Similarly, courts have rejected other factors that were used in setting the standard range. *State v. Dunivan, supra* (criminal conduct that does not substantially exceed that necessary to satisfy elements of crime is insufficient); *State v. Armstrong,* 106 Wn.2d 547, 550–51, 723 P.2d 1111 (1986) (nature of injuries already considered in presumptive range for second degree assault); *State v. Wood,* 42 Wn. App. 78, 80, 709 P.2d 1209 (1985) (age of victim rejected as aggravating factor because it was element of indecent liberties), *review denied,* 105 Wn.2d 1010 (1986). Following this settled law, we believe the Legislature considered an abuse of a position of trust when it established the standard range for the former indecent liberties statute. Therefore, an

abuse of trust cannot be used to justify an exceptional sentence in this case.[1]

The State counters that *State v. Creekmore, supra,* would allow the court to find an abuse of a position of authority an aggravating factor in this indecent liberties action because Grewe was not charged under subsection (1)(c). In *Creekmore,* the defendant was convicted of second degree felony murder based on two distinct underlying felonies: (1) second degree assault and (2) criminal mistreatment. In reviewing the exceptional sentence imposed, the Court of Appeals held that an abuse of trust was a substantial and compelling factor even though an abuse of parental trust was an element of criminal mistreatment. *Creekmore,* 56 Wn. App. at 863. The court relied on the independent underlying felony of second degree assault and the fact that the abuse of parental trust made the defendant more culpable.

*Creekmore* can be distinguished from the instant case. Creekmore's conviction was based on two alternative underlying felonies, rather than alternate methods of committing the crime. Here an abuse of a position of authority is inherent in the indecent liberties statute upon which Grewe was convicted and no alternative statute without that factor supports the conviction. Because the position of authority was taken into consideration in determining the standard range for indecent liberties the trial court erred in using that factor to justify Grewe's exceptional sentence. *State v. Dunaway, supra.*

■■ The State concedes that the second reason given by the trial court was improper, leaving only an abuse of a position of trust to justify the exceptional sentence on the attempted statutory rape conviction. In making a determination on whether to remand for resentencing the court can

---

[1]This result will not affect future sentencings because in 1988 the Legislature significantly changed the criminal statutes on sexual abuse of children. Subsection (1)(c) of former RCW 9A.44.100 was deleted from the indecent liberties statute and new crimes of sexual misconduct with a minor in the first and second degree were created. RCW 9A.44.093, .096.

consider (1) the extent to which the sentence imposed exceeded the standard range, and (2) the weight that the trial court gave the improper reason. *Fisher,* 108 Wn.2d at 429–30. The sentence was 60 months for a sentence with the top of the range being 40.5 months for the attempted statutory rape and 27 months for the indecent liberties. It is apparent that the trial court relied on both factors. Further, the trial court's statement on concurrent sentencing demonstrates its apparent disapproval of the sentencing scheme of the Sentencing Reform Act of 1981. As a previous court stated:

> Consequently, judges in disagreement with the range are finding on inadequate records "aggravating circumstances" to justify the imposition of, in their view, a more reasonable, exceptional sentence. This in turn causes appellate courts to remind trial courts that their dissatisfaction with the standard sentencing ranges imposed under the SRA cannot, by itself, be a reason justifying a departure.

(Citations omitted.) *State v. Pryor,* 56 Wn. App. at 119.

Because the trial court improperly considered uncharged crimes and factors already taken into account in establishing the standard range, we vacate the judgment and remand for resentencing.

SCHOLFIELD and BAKER, JJ., concur.

Reconsideration denied November 5, 1990.

Review granted at 116 Wn.2d 1011 (1991).