[No. 13248–6–II.   Division Two.   June 13, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN H. MARCUM, *Appellant.*

*J. Scott Bougher* and *Wecker, Hunko & Holman,* for appellant (appointed counsel for appeal).

*C. Danny Clem, Prosecuting Attorney,* and *Pamela Loginsky, Deputy,* for respondent.

WORSWICK, C.J.—We need not tarry long with the facts of this case. Contrary to John Marcum's contention, we find the evidence sufficient to support his conviction on count 1

(indecent liberties) and count 2 (first degree child molesting). However, we find it insufficient to support count 3 (first degree child molesting).[1] We affirm Marcum's exceptional sentence because we disagree with his contention that "abuse of trust" is subsumed in the indecent liberties charge and therefore cannot be used as an aggravating circumstance.[2] We decline to follow *State v. Grewe,* 59 Wn. App. 141, 796 P.2d 438 (1990), *review granted,* 116 Wn.2d 1011 (1991), which seems to support Marcum's argument.

Upon sufficient evidence and findings (and, again, unremarkable facts), the trial court concluded that Marcum "violated a position of trust and confidence to facilitate the commission of the . . . [indecent liberties] offense." Marcum was charged under former RCW 9A.44.100(1), Laws of 1986, ch. 131, § 1; he contends that, under this statute, a position of trust is an element of the crime and therefore cannot be an aggravating circumstance. *State v. Dunaway,* 109 Wn.2d 207, 743 P.2d 1237, 749 P.2d 160 (1987).

██ "Abuse of trust" is commonly used to justify an exceptional sentence for noneconomic offenses where the defendant has taken advantage of a position of "trust", *i.e.,* a position where another has relied or depended on them. *State v. Fisher,* 108 Wn.2d 419, 739 P.2d 683 (1987) (victim of indecent liberties demonstrated trust and reliance when he asked a neighbor to accompany him to the restroom because victim's father was away); *State v. Stevens,* 58 Wn. App. 478, 794 P.2d 38 (babysitter convicted of statutory

---

[1]Marcum's contention concerning count 1 has to do only with dates. The evidence of the dates alleged was plainly sufficient. The count 2 evidence was that Marcum put his hand down inside the front of the youngster's trousers. This was enough to raise an inference that he did so for sexual gratification. For count 3, the proof was that Marcum kissed the cheeks of a boy's face and also rubbed his chest. This evidence was insufficient.

[2]The sentences on counts 2 and 3 were concurrent. The sentence on count 1 was to be consecutive to the counts 2 and 3 sentence. The resulting sentence therefore was exceptional. RCW 9.94A.120(14); *State v. Oxborrow,* 106 Wn.2d 525, 535, 723 P.2d 1123 (1986). We state and dispose of the issue exactly as Marcum presents it. We find no merit in his contention that the sentence also is clearly excessive.

rape), *review denied,* 115 Wn.2d 1025 (1990); *State v. Creekmore,* 55 Wn. App. 852, 783 P.2d 1068 (1989) (father killed his 3-year-old with a kick to the stomach), *review denied,* 114 Wn.2d 1020 (1990); *State v. Brown,* 55 Wn. App. 738, 780 P.2d 880 (1989) (defendant convicted of rape and molestation, was victim's stepbrother and was acting as caretaker), *review denied,* 114 Wn.2d 1014 (1990); *State v. Jackmon,* 55 Wn. App. 562, 778 P.2d 1079 (1989) (former employee used his position to gain free access to the office where crime occurred); *State v. Strauss,* 54 Wn. App. 408, 773 P.2d 898 (1989) (a rapist posing as a security guard may be presumed to have attempted to gain victim's trust);[3] *State v. Crutchfield,* 53 Wn. App. 916, 771 P.2d 746 (1989) (defendant was friend of victim, and he lied to her to induce her to visit his apartment, where she was killed).[4] In some cases, the person in a position of trust (having another's reliance and dependence) is also in a position of authority (empowered to give orders and expect submission and obedience). *See, e.g., State v. Harp,* 43 Wn. App. 340, 717 P.2d 282 (1986) (stepfather sexually abused his stepdaughter and niece). In other cases, abuse of a position of trust has been found where there was no overlap at all with a position of authority. *See State v. Davis,* 47 Wn. App. 91, 734 P.2d 500 (defendant, who had been painting the victim's house shortly before the assault, used his position of trust to gain reentry to the house), *review denied,* 108 Wn.2d 1029 (1987).

Where there is an overlap, Washington courts have focused on the *trust* relationship as the aggravating factor that facilitates the crime. *See Harp,* 43 Wn. App. at 341 (although stepfather used intimidation and threats to force stepdaughter and niece to perform sexual acts, court noted

---

[3]The court did not uphold reliance on this factor, however, because there was limited evidence that defendant was actually dressed as a guard.

[4]The appellate court rejected reliance on abuse of trust, however, since the crime had a mens rea of "recklessness", and therefore the abuse of trust could not have facilitated the crime. *See Crutchfield,* 53 Wn. App. at 923.

that victims were dependent on defendant as caretaker). It is not the position of authority that has been abused in these cases, but rather the position of trust. Unlike abuse of trust, abuse of authority has not been recognized in Washington as a separate aggravating factor. As will be seen, it could not be such a factor for charges laid under former RCW 9A.44.100(1)(c), because it is an element of the crime defined by that provision.

"Trust" is defined as

assured reliance on some person or thing : a confident dependence on the character, ability, strength, or truth of someone or something[.]

*Webster's Third New International Dictionary* 2456 (1986). This definition is consistent with abuse of trust specifically included in the SRA as justification for an exceptional sentence:

The defendant used his or her position of trust, confidence, or fiduciary responsibility to facilitate the commission of the current offense.

RCW 9.94A.390(2)(c)(iv).

Former RCW 9A.44.100(1) provides, in part:

A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:

. . . .

(b) When the other person is less than fourteen years of age; or

(c) When the other person is less than sixteen years of age and the perpetrator is more than forty–eight months older than the person *and is in a position of authority* over the person

. . ..

(Italics ours.) The flaw in Marcum's argument and in the *Grewe* opinion is that they assume that "authority" and "trust" are the same. They are not. The dictionary definition of "authority" is:

power to require and receive submission : the right to expect obedience : superiority derived from a status that carries with it the right to command and give final decisions[.]

*Webster's Third New International Dictionary* 146 (1986). A position of authority frequently coincides with or overlaps a position of trust because authority almost always has a concomitant element of trust (policeman "trusted" to enforce the law; teacher "trusted" to impart knowledge; etc.). It does not follow, however, that positions of trust and authority are the same for the obvious reason that many authority figures are not trusted at all.

We hold that, as an aggravating circumstance, an abuse of trust occurs where, as here, it is the *trust* element of a relationship, unrelated to any element of authority, that is used to facilitate the crime. *Cf. State v. Volk,* 421 N.W.2d 360, 366 (Minn. Ct. App. 1988) (trust established outside of position of authority).[5]

Affirmed, except as to count 3, which is reversed.

PETRICH and ALEXANDER, JJ., concur.

---

[5]A computer search discloses that the Minnesota Court of Appeals, unfortunately in an unpublished opinion, reached precisely the result we reach here.