[No. 7722–5–III.  Division Three.  October 22, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. ALLEN LEE HOLYOAK, *Appellant.*

*Lewis Schrawyer,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Clark Colwell, Deputy,* for respondent.

MUNSON, J.—Allen L. Holyoak appeals the court's imposition of an exceptional sentence after he pleaded guilty to first degree assault. Two issues are presented: (1) whether the aggravating factors relied on by the court are supported by the record and justify an exceptional sentence; and (2) whether Mr. Holyoak was denied due process when he was not specifically informed that the court would impose a sentence outside the standard range prior to the sentencing hearing. We affirm.

On October 8, 1985, an information was filed charging Mr. Holyoak with first degree assault with intent to commit rape. On January 7, 1986, Mr. Holyoak entered a plea of guilty to that charge. At that time the court was presented with the offense report which reads as follows:

> [The victim] stated that as she sat on the raised railing of the archway beneath the bridge, she observed the suspect approach her. In addition, she observed him carrying a shirt or shorts, blue in color. [The victim] further stated that she became nervous due to the manner in which the suspect was looking at her. The suspect walked up to [the victim] and stated, "Pretty far down there, isn't it?" [The victim] replied by saying, "yeah". After a brief pause, the suspect asked [the victim], "Why don't you come down here, so I can fuck you?"

When [the victim] refused, the suspect grabbed her and began to push her over the edge. He then touched her genitals and asked her again. [The victim] said, "No, I'm only fourteen". The subject asked, "Why not? I'll push you off!". He then tried to push her off the edge. [The victim] was able to crawl down as the suspect began pushing and pulling her to the concrete. When the suspect finally had her on the floor of the structure he told her, "Take your panties off". When [the victim] refused, the suspect slammed her head onto the concrete ducking [sic] of the structure. The suspect began to severely assault [the victim] by striking her with his fists, banging her head and face onto the concrete, then dragging her down to the section between the arches. The suspect then began striking her in the head and face with large concrete fragments laying [sic] in the area. The suspect repeatedly told [the victim] to take off her clothes.

As [the victim] continued to struggle and scream, the suspect held up a piece of concrete and said, "See this? See what I have hear [sic]? I'll kill you now if you don't take your panties off". The suspect then began striking her with the chunk of concrete, beating and choking her into unconsciousness. When [the victim] awakened, she still had her clothes on and the suspect threatened her again. [The victim] then could resist no longer, and the suspect was able to remove her shorts and underpants. The suspect then lowered his shorts, exposing his genitals and attempted to force [the victim's] legs apart. [The victim] advised that she was able to kick the suspect in the genitals several times, and at one time reached and squeezed/pulled his genitals, apparently with no effect. [The victim] advised that the suspect was not erect during the assault. At that time, Coch arrived and chased the suspect away, then taking her to the Deaconess Hospital.

Mr. Holyoak agreed the offense report was accurate. The court found a factual basis for the plea and found the defendant guilty as charged.

Mr. Holyoak was sentenced on February 26, 1986. At that time, it was determined he had four prior convictions, which resulted in an offender score of 4. Based on that score, the standard range for his offense was determined to be 93 to 123 months. However, the court went beyond the

standard range and imposed an exceptional sentence of 246 months after finding three aggravating factors: (1) vulnerability of the victim; (2) the defendant's exceptional cruelty in committing the offense; and (3) the nature of the defendant's prior convictions indicated a substantial future dangerousness to the community. Mr. Holyoak appeals.

The initial question is whether the aggravating factors relied on by the court are supported by the record and if they justify an exceptional sentence. Mr. Holyoak contends that the court had insufficient grounds to exceed the standard range.

The Sentencing Reform Act of 1981 (SRA), RCW 9.94A, provides that an appellate court may reverse a sentence outside the presumptive range only if it finds:

> (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

RCW 9.94A.210(4).

In *State v. Fisher*, 108 Wn.2d 419, 423, 739 P.2d 683 (1987), the court provided the analytical framework for reviewing sentencing decisions falling within subsection (a) of RCW 9.94A.210(4):

> In reviewing an exceptional sentence under the standards in subsection (a), the appellate court must conduct a 2-part analysis. First, it must decide if the record supports the sentencing judge's reasons for imposing the exceptional sentence. Because this is a factual question, the sentencing judge's reasons must be upheld if they are not clearly erroneous. *State v. Nordby*, 106 Wn.2d 514, 517-18, 723 P.2d 1117 (1986). Under the second part of RCW 9.94A.210(4)(a), the appellate court must determine independently, as a matter of law, if the sentencing judge's reasons justify the imposition of a sentence outside the presumptive range. *Nordby*, at 518. The reasons must be "substantial and compelling". RCW 9.94A-.120(2). They must "take into account factors other than

those which are necessarily considered in computing the presumptive range for the offense." *Nordby*, at 518.

The court's first reason was the victim's vulnerability in that she was only 14 years of age, weighed only about 100 pounds, and was approximately 5 feet tall. Mr. Holyoak does not challenge these facts. Nonetheless, Mr. Holyoak contends these reasons are insufficient to go outside the standard range because vulnerability of a victim is an inherent characteristic of the crime of first degree assault. He supports this position with language from *State v. McClay*, 310 N.W.2d 683 (Minn. 1981), where the victim was abducted at gunpoint. The court noted:

There is no question but that the person abducted, Patricia Barnett, is a petite person and in certain situations her size might make her particularly vulnerable, but we do not believe she should be deemed any more vulnerable in the face of a gun than a larger person because a gun can kill either quite easily.

*McClay*, at 685.

Contrary to Mr. Holyoak's assertion, this case is distinguishable from *McClay*. Although the court there was correct in determining the victim's size, in the face of a gun, was irrelevant, the same reasoning is not valid in this type of physical assault case. In this instance, the victim's diminutive size not only made it more likely that she would be chosen as a victim, but it also made it more likely the perpetrator would succeed in inflicting severe injury. Because this victim was more defenseless than ordinary to the type of assault perpetrated here, she was particularly vulnerable under RCW 9.94A.390(2)(b). *Cf. Fisher*, at 423–25.

The court's second reason was the cruelty with which Mr. Holyoak carried out the crime. Under the second part of RCW 9.94A.210(4)(a) the SRA recognizes "deliberate cruelty to the victim" as an aggravating factor justifying an upward departure from the presumptive sentence. RCW 9.94A.390(2)(a). To date, however, our courts have not recognized a specific definition for that term. *See, e.g., State v.*

*Dennis,* 45 Wn. App. 893, 896, 728 P.2d 1075 (1986), *review denied,* 108 Wn.2d 1008 (1987). However, our courts have recognized that where a defendant's conduct in committing a particular offense includes gratuitous violence and is significantly more serious or egregious than typical, the sentencing judge is justified in imposing an exceptional sentence. *State v. Nordby,* 106 Wn.2d 514, 723 P.2d 1117 (1986); *State v. Ratliff,* 46 Wn. App. 466, 469, 731 P.2d 1114 (1987); *Dennis,* at 896–97; D. Boerner, *Sentencing in Washington* §§ 9.6–.7 (1985).

Here, the repeated striking of the victim's head with a rock may be considered "deliberately cruel." While one such striking was necessary for charging first degree assault (use of a "deadly weapon") and thus inherent in the crime, the repetitious striking may be considered aggravating. Also, the strangulation, the use of his fist against the victim's head, and the repeated pounding of the victim's head against the cement are all gratuitous, and thus distinguish this assault from a "typical" first degree assault. The aggravating factor of "deliberate cruelty" justified the exceptional sentence.

Finally, the trial court believed Mr. Holyoak's prior indecent liberties conviction, when viewed in conjunction with this offense, demonstrated the likelihood he would continue to conduct these kinds of crimes in the future. A court may not impose an exceptional sentence based on predicted future dangerousness where an insufficient history of similar acts (or other corroborating evidence including testimony of psychologists or psychiatrists) exist to support such a determination. *See State v. Olive,* 47 Wn. App. 147, 150, 734 P.2d 36 (1987); *State v. Payne,* 45 Wn. App. 528, 533, 726 P.2d 997 (1986); *State v. Harp,* 43 Wn. App. 340, 342–43, 717 P.2d 282 (1986); *State v. Wood,* 42 Wn. App. 78, 82–83, 709 P.2d 1209 (1985), *review denied,* 105 Wn.2d 1010 (1986).

Here, the court's sole basis for predicting future dangerousness was a prior conviction for indecent liberties. On the record here, this is an insufficient basis; without more,

because that conviction was considered in determining Mr. Holyoak's standard sentencing range, it may not be considered a second time. Although the sentencing court's third reason does not support the imposition of an exceptional sentence, the other two reasons are sufficient in themselves and do justify the imposition of an exceptional sentence. *State v. Fisher, supra.*

Mr. Holyoak next contends he was denied due process because no formal notice of the court's intention to impose an exceptional sentence was given prior to the sentencing hearing. At oral argument, he conceded this issue is covered by *State v. Dennis, supra. See also* D. Boerner, *Sentencing in Washington* § 9.19, at 9–58 through 9–59 (no need to give notice under SRA as "possibility of an exceptional sentence always exists, and notice of that fact is inherent in the statutory provisions which create the possibility").

Here, like the defendant in *Dennis,* Mr. Holyoak was not only informed at the plea hearing, but also in his statement of the defendant on plea of guilty, that the court could impose an exceptional sentence. There was no due process violation by the court's failure to give notice.

The judgment is affirmed.

THOMPSON, A.C.J., and GREEN, J., concur.

Review denied by Supreme Court February 1, 1988.