[No. 9377-8-III.   Division Three.   October 24, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN CLARENCE FRANKLIN, *Appellant*.

916

*Paul James Burns,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *Clark Colwell, Deputy,* for respondent.

GREEN, J.—John Clarence Franklin was convicted of attempted first degree murder and first degree robbery. He was given an exceptional sentence to which he assigns error, contending (1) the sentence is unjustified because deliberate cruelty inheres in the premeditation element of first degree murder; and (2) the deliberate cruelty standard in the Sentencing Reform Act of 1981 (SRA) is vague and therefore violative of the Eighth Amendment. We affirm.

The unchallenged findings of fact entered after the sentencing hearing disclosed the following facts. On November 20, 1984, Mr. Franklin entered Dorner's Pizza Parlor in Spokane and robbed the employee, Kathy Clary, at knife point. After the robbery, Mr. Franklin required her to kneel to make it appear he was going to tie her hands behind her back to facilitate his escape. Instead, Mr. Franklin knifed her in the back. This stab wound was not immediately effective, so he knifed her in the back again. Ms. Clary screamed and ran to get away. Mr. Franklin, with a smile on his face as described by the victim, attempted to prevent her escape. Despite her injuries, Ms. Clary made her way outside where passing motorists responded to her waves for help.

After Mr. Franklin was found guilty, the court imposed concurrent sentences at the high end of the standard ranges—144 months for the robbery and 411 months for the attempted murder. Mr. Franklin appealed to this court and the convictions were affirmed, but the case was remanded for resentencing on two bases: (1) miscalculation

of the offender score, and (2) the trial court's determination the convictions did not arise from the same criminal conduct. *State v. Franklin,* 46 Wn. App. 84, 729 P.2d 70 (1986). The State obtained review of the latter issue and the trial court was affirmed in *State v. Dunaway,* 109 Wn.2d 207, 743 P.2d 1237, 749 P.2d 1208 (1987), a consolidated appeal. Upon remand for resentencing on the offender score issue, the standard range for the attempted murder was adjusted to 277.50 to 369.50 months. The court reimposed the original sentence of 144 months for the robbery and imposed an exceptional sentence of 411 months for the attempted first degree murder, citing as aggravating factors deliberate cruelty and multiple injuries to the victim.

First, Mr. Franklin contends the court erred in imposing an exceptional sentence because deliberate cruelty inheres in the premeditation element of attempted first degree murder and therefore was considered by the Legislature in establishing the standard range. We find no error.

■ Mr. Franklin's challenge pertains only to whether the deliberate cruelty factor justifies the exceptional sentence as a matter of law. *State v. Nordby,* 106 Wn.2d 514, 518, 723 P.2d 1117 (1986); RCW 9.94A.210(4). Deliberate cruelty against the victim has been found to justify an exceptional sentence under RCW 9.94A.390(2)(a) when the defendant's conduct in committing the offense includes gratuitous violence and is significantly more serious or egregious than typical of the crime. *State v. Holyoak,* 49 Wn. App. 691, 696, 745 P.2d 515 (1987), *review denied,* 110 Wn.2d 1007 (1988). In *State v. Strauss,* 54 Wn. App. 408, 418, 773 P.2d 898 (1989), deliberate cruelty was defined as consisting "of gratuitous violence, or other conduct which inflicts physical, psychological or emotional pain as an end in itself." Also, conduct leading to multiple injuries, which itself may be an aggravating factor, may in turn justify a finding of deliberate cruelty. *State v. Dunaway, supra* at 219.

██ Premeditation is the mental state element of the alternative definition of attempted first degree murder under which Mr. Franklin was convicted. RCW 9A.32-.030(1)(a). Premeditation "encompasses the mental process of thinking beforehand, deliberation, reflection, weighing or reasoning for a period of time, however short." *State v. Brooks,* 97 Wn.2d 873, 876, 651 P.2d 217 (1982). It involves "more than a moment in point of time." RCW 9A.32.020.

Here, Mr. Franklin's infliction of a second stab wound to the victim was "deliberately cruel". The crime of attempted first degree murder was established upon the showing of premeditation and the first stabbing. The repeated stabbing was gratuitous and therefore aggravating. The record shows the exceptional sentence was based on either the finding of deliberate cruelty or multiple injuries. We find no error.

Second, Mr. Franklin contends because RCW 9.94A-.390(2)(a) does not define deliberate cruelty, it is vague and therefore violates the eighth amendment to the United States Constitution prohibiting cruel and unusual punishment because the judge's discretion is insufficiently limited. We disagree.

██ To impose a sentence outside the standard range, the court must articulate "substantial and compelling" reasons for doing so. RCW 9.94A.120(2). Deliberate cruelty is a proper reason. RCW 9.94A.390(2). Further, Mr. Franklin's exceptional sentence is less than the statutory maximum of life imprisonment and is clearly based on conduct more egregious than necessary to sustain the conviction. We do not find *Maynard v. Cartwright,* 486 U.S. 356, 100 L. Ed. 2d 372, 108 S. Ct. 1853 (1988), relied upon by Mr. Franklin, applicable here in light of the SRA where a judge's discretion is not unbridled. There was no abuse of discretion here. *State v. Oxborrow,* 106 Wn.2d 525, 530–31, 723 P.2d 1123 (1986).

Pro se, Mr. Franklin contends the trial judge violated his due process rights under the Fourteenth Amendment by initially sentencing him within the presumptive range to

preclude his appealing the sentence, and then utilizing previously rejected aggravating factors on top of a reduced standard range to impose an exceptional sentence upon remand. This, he claims, manifests vindictiveness by the court in the form of punishment for winning his appeal. We disagree.

Imposition of a standard range sentence is discretionary with the court and is generally not subject to appeal. *State v. Ammons*, 105 Wn.2d 175, 182–83, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986); RCW 9.94A.210(1). Exceptions arise when actions by the sentencing judge fail to comport with the constitutional rights of the accused. *See State v. Herzog*, 112 Wn.2d 419, 426, 771 P.2d 739 (1989). In addition, the procedure by which the sentence was imposed may be challenged. *Ammons*, at 183. Here, the court took nothing away from Mr. Franklin by initially imposing a standard range sentence and he successfully appealed computation of that sentence on procedural grounds. His rights were not violated.

█ The due process clause of the fourteenth amendment to the United States Constitution proscribes increased sentences motivated by a judge's vindictive retaliation after reconviction following a successful appeal. *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969). Under *Pearce*, a more severe sentence establishes a rebuttable presumption of vindictiveness. *Wasman v. United States*, 468 U.S. 559, 82 L. Ed. 2d 424, 104 S. Ct. 3217, 3220–24 (1984). Here, no such presumption is raised as the sentence was not increased. Further, it is apparent the court regarded the merciless multiple stabbings by Mr. Franklin to be the significant factor in fixing and maintaining the sentence at 411 months. The fact his offender score was reduced from 9 to 8 was of no moment. As indicated, the court did not abuse its discretion in imposing the sentence which is less than 12 percent above the 369.50–month standard range. *State v. Oxborrow, supra.* The cases cited by Mr. Franklin are distinguishable.

Affirmed.

MUNSON, A.C.J., and SHIELDS, J., concur.

Review denied at 114 Wn.2d 1004 (1990).