[No. 27791-0-I.   Division One.   August 10, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. ANTHONY BEN BARBERIO, *Appellant.*

*Michael P. Iaria* and *Nance, Iaria & Gombiner,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Brenda Bannon, Deputy,* for respondent.

KENNEDY, J. — After his conviction for third degree rape was reversed in his previous appeal to this court, Anthony Ben Barberio was resentenced for his remaining conviction of second degree rape. The court reimposed the same exceptional sentence of 72 months that had been imposed at the first sentencing. Barberio appeals his resentencing. The State has moved to dismiss the appeal because Barberio did not challenge his exceptional sentence in the previous appeal. We grant the State's motion as to those issues which could have been raised in the first appeal, and deny the motion as to those issues which could not have been raised at that time. We affirm the exceptional sentence imposed at the resentencing hearing.

FACTS

In September 1988, the appellant was convicted in King County Superior Court of one count of rape in the second degree pursuant to RCW 9A.44.050(1)(b) ("victim is incapable of consent"), and one count of rape in the third degree. The details of these crimes are not relevant to our disposition of this appeal.

Appellant was sentenced to exceptional sentences of 72 months for the second degree rape and 28 months for the third degree rape, the sentences to be served concurrently. The standard range for these offenses, given the appellant's offender score of 1, was 26 to 34 months for the second degree rape and 12 to 14 months for the third degree rape. Although the trial judge used a mathematical formula to determine the length of the exceptional sentence for the third degree rape conviction,[1] she did not for the second degree rape. Rather, the court imposed a sentence for the second degree rape which was closer to the statutory maximum than to the upper end of the standard range, because of several aggravating factors. In justifying her departure from the standard range, the trial judge noted the following aggravating circumstances with respect to the second degree rape: unusually predatory, sophisticated and premeditated crime; violation of a position of trust in the commission of the crime; the victim was rendered helpless in order to commit the crime; deliberate and extreme cruelty to the victim; and physical and psychological effects on the victim that were unusually devastating.

Barberio appealed his conviction of third degree rape based on defects in the jury instructions. With respect to that appeal, none of the assignments of error was related to the exceptional sentence for the second degree rape.

The appellant's conviction of third degree rape was reversed by this court.[2] The State elected not to retry appellant on that count. Accordingly, the case was returned to the

---

[1]The formula used was two times the upper end of the standard range.

[2]See *State v. Barberio*, noted at 57 Wn. App. 1070 (1990).

trial court for resentencing on the second degree rape conviction. With only the one conviction, the appellant's offender score was reduced to 0, and the standard sentencing range was reduced to 21 to 27 months with a maximum term of 10 years. After hearing appellant's argument for a reduction in the sentence, the trial court again entered an exceptional sentence of 72 months, using the same reasons set forth in the previous findings.

This appeal followed the resentencing.

### DISCUSSION
### I. Motion To Dismiss

The State has moved to dismiss the appeal entirely because the exceptional sentence was not challenged in the first appeal of the case.

In the case of *State v. Sauve*, 100 Wn.2d 84, 666 P.2d 894 (1983), the Washington Supreme Court refused to consider the propriety of a conviction based in part on evidence gathered in an alleged warrantless, nonconsensual entry, because the issue could have been raised in the previous appeal of a related habitual criminal conviction. *Sauve*, at 85-87. Even though the court noted that the question of a warrantless, nonconsensual search was of constitutional magnitude and could be considered for the first time on appeal, the court rejected the idea that it could be considered for the first time in a second appeal, when it could have been raised in the first appeal. *Sauve*, at 87 ("Even though an appeal raises issues of constitutional import, at some point the appellate process must stop. Where, as in this case, the issues could have been raised on the first appeal, we hold they may not be raised in a second appeal.").

■ With two exceptions, all of appellant's arguments in the present appeal could have been raised in the first appeal. The two exceptions are whether the exceptional sentence should be reduced proportionately because of a reduction in appellant's offender score and standard range at the resentencing and whether the finding that the crime was especially predatory was supported by substantial evidence.[3]

---

[3]This second issue is a proper issue on appeal because of the trial court's consideration of the State's argument at the resentencing hearing that the

Because these arguments could not have been raised in the original appeal, we deny respondent's motion to dismiss this appeal entirely. Nevertheless, because there was no challenge in the prior appeal to appellant's exceptional sentence for the second degree rape, under *Sauve*, we will not consider whether substantial evidence supports the aggravating factors or whether these factors would support the entry of an exceptional sentence.

## II. Proportionality

We are presented with only one debatable contention on appeal — whether the reduction in appellant's offender score and standard range requires a proportionate reduction in the length of his reimposed exceptional sentence as a matter of law. We hold that it does not.

Appellant claims that because he previously had been sentenced to 72 months when the standard range for the offense was 26 to 34 months, when the standard range was reduced to 21 to 27 months his sentence should have been proportionately reduced as well. Appellant cites *State v. Brown*, 60 Wn. App. 60, 70, 802 P.2d 803 (1990), *review denied*, 116 Wn.2d 1025 (1991) for the proposition that an exceptional sentence cannot be given when the correct offender score has not been determined. While we agree with the appellant that resentencing was required in view of the lowered offender score (*see State v. Collicott*, 118 Wn.2d 649, 669, 827 P.2d 263 (1992)), we reject appellant's argument that, as a matter of law, the trial court was required to reduce the exceptional sentence in light of the reduced offender score and reduced standard range.

definition of "predatory behavior" should be based on the new statutory definition of "predatory" found at RCW 71.09.020, effective July 1, 1990. This argument could not have been raised in the first appeal. We dispose of this issue summarily. The court's finding that the second degree rape was "unusually predatory" is subsumed in the findings that the crime was sophisticated and premeditated and that a position of trust was used to facilitate the crime. Accordingly, we need not consider whether there was sufficient evidence to support a finding that it was also "unusually predatory".

Nothing in the Sentencing Reform Act of 1981 or our case law indicates that a person's exceptional sentence must necessarily be reduced based on a recalculation of an offender score. Clearly, a trial court must determine whether to impose an exceptional sentence after considering the correct offender score and the correct standard range, but this was done in the present case. Contrary to appellant's contention, the trial court did not "automatically" reimpose the same sentence on remand. The trial court listened to appellant's arguments with respect to the aggravating factors, although none of them had been challenged in the first appeal, and concluded that the crime warranted a sentence closer to the statutory maximum than to the upper end of the standard range.[4]

If, in determining the first exceptional sentence for the second degree rape, the trial court had used a mathematical formula (such as two times the upper end of the standard range as was done for the third degree rape), our ruling might well be different. But this was not the case. Here, the record clearly reflects that, although the trial judge did use a mathematical formula in determining the length of the exceptional sentence for the third degree rape, she did not do so for the second degree rape. Rather than using a formula, the trial court first reached a decision that an exceptional sentence was warranted, and then considered the entire scale from the lower end of the standard range to the

---

[4]Appellant also contends that, because the trial court expressed a willingness to listen with an open mind to arguments with respect to the aggravating factors and allowed extensive argument thereon, those issues were revitalized for purposes of this appeal. We disagree. The court was not required to reconsider issues which had not been raised in the first appeal. That the court listened with an open mind to arguments which were not properly before the court did not reopen the closed door. Appellant attempts to distinguish this case from *Sauve* based upon the fact that the arguments on appeal were considered below even though they were not a part of the first appeal. The language of *Sauve*, at 87, is clear: "[w]here . . . the issues could have been raised on the first appeal, we hold they may not be raised in a second appeal." It is immaterial that these issues were argued to the court following our previous remand.

statutory maximum of 120 months (the victim requested the statutory maximum). This was an entirely appropriate approach, both for purposes of the original sentence and for purposes of resentencing.

Because of the appellant's culpability for the second degree rape, as compared to other more typical cases of second degree rape, the trial court initially determined that the punishment should be closer to the statutory maximum than to the upper end of the then standard range of 26 to 34 months, and concluded that 72 months was an appropriate penalty. Although the court was required to resentence Barberio in light of his new offender score and standard range, it was entirely appropriate for the court to consider whether 72 months was still an appropriate sentence in light of the aggravating factors. Appellant concedes that if the trial court had been dealing with the correct offender score at the first sentencing, a 72-month sentence would not have been an abuse of the court's discretion. Appellant's argument is simply that the reduction in the offender score reduces appellant's culpability as a matter of law. This is true with respect to the standard range. But once a court appropriately determines to impose an exceptional sentence, it has considerable discretion in determining the length of the sentence. Unless the length of the sentence is clearly excessive or drawn out of thin air (*see State v. Armstrong*, 106 Wn.2d 547, 552, 723 P.2d 1111 (1986)), or unless, at a resentencing such as this one, there is evidence that the same sentence is imposed out of vindictiveness (for example, by refusing to follow a mathematical formula used in the first sentencing), an appellate court will not find an abuse of discretion simply because a trial court, after consideration of valid aggravating factors, reimposes the same sentence after a change in the offender score. *See, e.g., State v. Franklin*, 56 Wn. App. 915, 920, 786 P.2d 795 (1989) (sentence that was reimposed after a change in the appropriate standard range affirmed on appeal), *review denied*, 114 Wn.2d 1004 (1990).

The length of the exceptional sentence was not an abuse of discretion, and we affirm the judgment of the trial court.

COLEMAN and BAKER, JJ., concur.

Review granted and affirmed at 121 Wn.2d 48 (1993).