FILED
COURT OF APPEALS
DIVISION II

2013 AUG 13 AM 10: 28

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42286-7-II |
| Respondent, | |
| v. | |
| THOMAS RAY MOORE, | UNPUBLISHED OPINION |
| Appellant. | |

PENOYAR, J. —Thomas Ray Moore appeals his exceptional sentence, arguing that he was entitled to a shorter sentence on remand given his reduced offender score. Moore was initially found guilty of eight counts of witness tampering and one count of first degree assault of a child. Though the jury found two aggravating factors, the trial court sentenced Moore to a 378 month standard range sentence. After he successfully appealed seven witness tampering charges, Moore's offender score was lowered to two. At resentencing, the court imposed the same 378 month sentence as an exceptional sentence.

On appeal, Moore argues that (1) the presumption of vindictiveness applies because the resentencing court did not reduce his sentence and (2) the resentencing court violated his rights under *Blakely v. Washington*, 542 U.S. 296, 304, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), by improperly relying on its own findings of fact. Because the court did not increase Moore's sentence on remand and because the court's findings were merely a reiteration of the facts that supported the jury's aggravating circumstances findings, we hold that the presumption of vindictiveness does not apply and that the resentencing court did not violate Moore's rights under *Blakely*. We affirm Moore's exceptional sentence and remand to correct the scrivener's error in the judgment and sentence form.

FACTS

A jury found Thomas Moore guilty of one count of first degree assault of a child and eight counts of witness tampering. The court sentenced him to 378 months, a standard range sentence given his offender score of nine. On appeal, this court overturned seven witness tampering counts. With a reduced offender score of two, Moore reappeared before the same trial court for resentencing. At resentencing, the court imposed an exceptional sentence of the same length of time as the original standard sentence, 378 months.

ANALYSIS

I.    SCRIVENER'S ERROR

Moore argues, and the State concedes, a scrivener's error on his judgment and sentence form. The remedy for clerical or scrivener's errors in judgment and sentence forms is remand to the trial court for correction. *In re Pers. Restraint of Mayer*, 128 Wn. App. 694, 701, 117 P.3d 353 (2005) (citing CrR 7.8(a)); *see* RAP 7.2(e).

Moore's judgment and sentencing form correctly states a standard sentence of 147 months and incorrectly states an additional term of 237 months, for a total of 384 months. The same page states that the "[a]ctual number of months" of confinement is 378. Clerk's Papers at 147. At the sentencing hearing, the court ordered a 378 month sentence. The State concedes an error in the judgment and sentencing form and asks that the case be remanded for correction. We accept the State's concession and remand to the trial court for correction of Moore's judgment and sentence to reflect a standard sentence of 147 months and an additional term of 231 months, totaling 378 months. Accordingly, we analyze Moore's remaining claims in light of the correct 378 month sentence.

II.     VINDICTIVENESS

Moore next argues that the presumption of vindictiveness applies here because the trial court did not reduce his sentence on remand despite his reduced offender score. Because the trial court did not increase Moore's sentence on remand, we hold that the presumption of vindictiveness does not apply here.

"The due process clause of the fourteenth amendment to the United States Constitution proscribes increased sentences motivated by a judge's vindictive retaliation after reconviction following a successful appeal." *State v. Franklin,* 56 Wn. App. 915, 920, 786 P.2d 795 (1989) (citing *North Carolina v. Pearce,* 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969)). Under *Pearce,* a more severe sentence on remand establishes a rebuttable presumption of vindictiveness. *Franklin,* 56 Wn. App. at 920. Washington courts have held that the presumption of vindictiveness does not arise when the resentencing court does not impose a more severe sentence. *Franklin,* 56 Wn. App. at 920; *State v. Larson,* 56 Wn. App. 323, 326-28, 783 P.2d 1093 (1989). Even if a presumption of vindictiveness does arise, courts have held that it may be rebutted by specific nonvindictive reasons for the sentence, such as aggravating factors. *State v. Parmelee,* 121 Wn. App. 707, 712, 90 P.3d 1092 (2004); *State v. Havens,* 70 Wn. App. 251, 258-59, 852 P.2d 1120 (1993).

Moreover, neither case law nor the Washington Sentencing Reform Act (SRA) indicates that a sentence must be reduced after the offender score is reduced. *State v. Barberio,* 66 Wn. App. 902, 907, 833 P.2d 459 (1992), *affirmed by* 121 Wn.2d 48, 846 P.2d 519, (1993). In

*Barberio*, the defendant's offender score was reduced by one point and, at resentencing, the court imposed the same sentence. 66 Wn. App. at 903. The court rejected Barberio's argument that "as a matter of law, the trial court was required to reduce the exceptional sentence in light of the reduced offender score and reduced standard range." *Barberio,* 66 Wn. App. at 906.

Here, the resentencing court did not impose a more severe sentence on remand; it imposed the same 378 month sentence. Thus, the presumption of vindictiveness does not apply. Even if the presumption did apply, it is rebutted by specific nonvindictive reasons for the new sentence. When it resentenced Moore, the court indicated that the exceptional sentence was supported by the two aggravating factors the jury found.

III.    *BLAKELY V. WASHINGTON*

Finally, Moore argues the trial court erred by finding facts at his resentencing and thus violating his rights under *Blakely*. Because the court relied on the aggravating factors found by the jury to impose an exceptional sentence, we hold that it did not violate Moore's rights under *Blakely*.

Under *Blakely*, "every defendant has the *right* to insist that the prosecutor prove to a jury all facts legally essential to the punishment." 542 U.S. at 313 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)). The Washington legislature responded to *Blakely* by creating a two-step sentencing process. First, the jury must determine whether the State has proven any statutorily defined aggravating circumstances beyond a reasonable doubt. RCW 9.94A.537(3). If the jury finds the aggravating circumstances, the court may sentence the offender up to the maximum term allowed for the underlying conviction if it finds the facts alleged and found were sufficiently substantial and compelling to warrant an exceptional sentence. RCW 9.94A.537(6); *State v. Hale*, 146 Wn. App. 299, 306, 189 P.3d 829

(2008). Whenever the trial court imposes a sentence outside the standard range, it "shall set forth the reasons for its decision in written findings of fact and conclusions of law." RCW 9.94A.535.[1]

Here, the jury found two aggravating factors beyond a reasonable doubt: (1) that Moore committed first degree assault of a child when he knew or should have known that the victim was a particularly vulnerable victim or was incapable of resistance because of his extreme youth and (2) that, as the victim's father, Moore abused this trust when he committed the crime. Based on those factors, the resentencing court imposed an exceptional sentence.

As required by RCW 9.94A.535, the court entered the following findings in support of the exceptional sentence: (1) the victim was four years old at the time of the assault; (2) the victim was completely dependent on Moore for warmth, food, hygiene and love; (3) the victim was completely defenseless at the time of the assault; (4) the victim was incapable of escaping; (5) the victim was incapable of getting help; (6) the victim was not shown any mercy by the defendant at the time of the assaults; and (7) Moore betrayed the victim's trust as his father and inflicted multiple extraordinary injuries. These findings are merely reiterations of the jury's findings that the victim was particularly vulnerable and that Moore abused the victim's trust. Accordingly, the resentencing court did not find new facts at resentencing and did not violate Moore's rights under *Blakely*.

---

[1] Former RCW 9.94A.535(2007) was in effect at the time Moore committed assault. The legislature has since amended RCW 9.94A.535 many times. None of the amendments involved substantive changes affecting our analysis. Therefore, we cite to the current version of the statute.

42286-7-II

We affirm Moore's exceptional sentence and remand to correct the scrivener's error in the judgment and sentence form.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Penoyar, J.

We concur:

_____
Hunt, J.

_____
Bjorgen, J.

6