# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56482-3-II |
| Respondent, | |
| v. | |
| FRED HENERY CARPENTER, IV, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Fred Carpenter appeals the exceptional sentence imposed at his resentencing. He argues that adding the same 20-month exceptional term to his standard range sentence that the trial court added at his original sentencing hearing was clearly excessive. He contends his offender score and standard sentencing range have since been lowered, rendering the accompanying exceptional term disproportionate.

We hold that the trial court did not abuse its discretion in imposing the same exceptional term at the resentencing hearing. We also hold that a reduction in an appellant's offender score and standard range does not require a proportionate reduction in the length of a previously imposed exceptional term. Accordingly, we affirm the sentence imposed by the trial court.

### FACTS

On August 22, 2012, Carpenter was found guilty after a jury trial of two counts of assault in the second degree while in the presence of a child (counts I and II), two counts of felony harassment while in the presence of a child (counts III and IV), one count of assault in the fourth degree (count V), and one count of obstruction of a law enforcement officer (count VI). Carpenter

was sentenced to 104 months on counts I and II, 60 months on count III and IV, and 364 days on counts V and VI. At sentencing, the standard range for counts I and II was 63 to 84 months. The court imposed an exceptional sentence, adding a term of 20 months to the high end of the standard range, based on the jury finding counts I and II were "aggravated domestic violence offenses." Clerk's Papers at 72, 74. The total sentence was 104 months of confinement and community custody for 16 months. Count II was vacated after appeal.

The original sentence was predicated on Carpenter's offender score of 10 for counts I and II and an offender score of 9 for counts III and IV. However, two of his convictions were void pursuant to *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

A resentencing hearing pursuant to offender score changes brought about by *Blake* was held on November 4, 2021. Carpenter's offender score was reduced to 7. In turn, the lower offender score reduced his standard sentencing range to 43 to 57 months. At the resentencing hearing, the court imposed 57 months, plus the same 20 months for the exceptional term despite the reduced offender score and standard sentencing range. This resulted in a total of 77 months of confinement and 18 months of community custody. After hearing arguments from both parties, the court stated: "The jury made a finding. They found aggravating factors. . . . [I]t would be very unusual that the court would ignore a jury's special finding of an aggravating factor." Report of Proceedings at 38-39.

Carpenter appeals.

## ANALYSIS

Carpenter argues that his exceptional sentence was clearly excessive because once his criminal history score was lowered from 10 to 7, the standard sentencing range was lowered, and the accompanying exceptional term should be lowered as well. We disagree.

I.      LEGAL PRINCIPLES

We review an alleged excessive exceptional sentence for an abuse of discretion. *State v. Law*, 154 Wn.2d 85, 93, 110 P.3d 717 (2005).

The trial court abuses its discretion when it bases its decision on untenable reasons or grounds or the decision is manifestly unreasonable. *State v. Solomon*, 3 Wn. App. 2d 895, 910, 419 P.3d 436 (2018). Once the sentencing court finds substantial and compelling reasons for imposing an exceptional sentence, the court is permitted to use its discretion to determine the precise length of that sentence. *State v. Ross*, 71 Wn. App. 556, 568, 861 P.2d 473, 883 P.2d 329 (1994). A sentencing court need not state reasons in addition to those relied on to justify the imposition of an exceptional sentence above the standard range in the first instance. *Id*. at 573.

In order to abuse its discretion in determining the length of an exceptional sentence above the standard range, "the trial court must do one of two things: rely on an impermissible reason (the 'untenable grounds/untenable reasons' prong of the standard) or impose a sentence which is so long that, in light of the record, it shocks the conscience of the reviewing court (the 'no reasonable person' prong of the standard)." *Id*. at 571. In *Ross*, this court explained:

> [O]nce a reviewing court has determined that the facts support the reasons given for exceeding the range and that those reasons are substantial and compelling, there is often nothing more to say. The trial and appellate courts simply reiterate those reasons to explain why a particular number of months is appropriate. . . . [T]he length of the sentence must have some basis in the record.

*Id*. at 571-72 (internal quotation marks omitted).

Additionally, in *State v. Barberio*, the court stated:

> Unless the length of the sentence is clearly excessive or drawn out of thin air, or unless, at a resentencing such as this one, there is evidence that the same sentence is imposed out of vindictiveness . . . an appellate court will not find an abuse of discretion simply because a trial court, after consideration of valid aggravating factors, reimposes the same sentence after a change in the offender score.

66 Wn. App. 902, 908, 833 P.2d 459 (1992) (internal citation omitted).

The circumstances presented in this case are similar to those presented in *Barberio*. In that case, the court held that a reduction in an appellant's offender score and standard range does not require any reduction in the length of a previously imposed exceptional sentence. *Id*. at 906. The appellant in *Barberio* claimed that because he previously had been sentenced to 72 months when the standard range for the offense was 26-34 months, when the standard range was reduced to 2 to 27 months, his sentence should have been proportionately reduced as well. *Id*.

The court disagreed, finding that the trial court was not required as a matter of law to reduce the exceptional sentence in light of the reduced offender score and reduced standard range. *Id*. The court reasoned that:

> Nothing in the [Sentencing Reform Act] or our case law indicates that a person's exceptional sentence must necessarily be reduced based on a recalculation of an offender score. Clearly, a trial court must determine whether to impose an exceptional sentence after considering the correct offender score and the correct standard range, but this was done in the present case. Contrary to appellant's contention, the trial court did not "automatically" reimpose the same sentence on remand. The trial court listened to appellant's arguments with respect to the aggravating factors, although none of them had been challenged in the first appeal, and concluded that the crime warranted a sentence closer to the statutory maximum than to the upper end of the standard range.

*Id*. at 907.

## II. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY IMPOSING THE EXCEPTIONAL SENTENCE

Carpenter argues that imposing the same 20-month enhancement term added to the top of the standard range at resentencing was clearly excessive in light of his lowered offender score and standard range. But a trial court is not required as a matter of law to reduce the exceptional sentence in light of the reduced offender score and reduced standard range. *Barberio*, 66 Wn. App. at 906. Here, a resentencing hearing was properly held in accordance with *Blake*. At that

4

sentencing hearing, the court heard argument from both sides. The court explained that it was giving deference to the jury's finding of aggravating factors that merited the 20-month exceptional term. Therefore, this sentence is not "drawn out of thin air," nor is it "imposed out of vindictiveness." *Barberio*, 66 Wn. App. at 908. Rather, in its discretion, the court properly determined the length of the previous exceptional term was appropriate, and gave deference to the jury's findings of aggravating factors that merited an exceptional sentence. This is not manifestly unreasonable, and does not amount to an abuse of discretion.

CONCLUSION

Because the trial court did not abuse its discretion in imposing an exceptional sentence, we affirm the sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, J.

Glasgow, C.J.